RUBÉN MALDONADO ORTIZ, demandante y peticionario, *v.* HON. FRED V. SOLTERO HARRINGTON, por sí y como SECRETARIO DEL DEPARTAMENTO DE RECURSOS NATURALES, demandado y recurrido.

*Número:* O-82-407      *Resuelto:* 29 de octubre de 1982

*José Raúl Cancio*, abogado del peticionario; *Miguel Pagán, Procurador General Interino*, y *Lorraine Riefkohl, Procuradora General Auxiliar*, abogados del recurrido Secretario del Departamento de Recursos Naturales; y *José Alberto Moure*, abogado del Estado Libre Asociado.

El Juez Asociado Señor Rebollo López emitió la opinión del Tribunal.

El demandante Rubén Maldonado Ortiz, empleado del Estado Libre Asociado de Puerto Rico por veintiocho (28) años, radicó por conducto del Lcdo. Hermes Francisco Acevedo Lebrón, ante el Honorable Tribunal Superior de Puerto Rico, Sala de San Juan, una demanda que intituló acción civil, en la cual alegó, entre otras cosas, que había sido despedido de su cargo por el Honorable Secretario del Departamento de Recursos Naturales de manera arbitraria, por motivaciones de índole política y sin formulación de cargos, razones por las cuales solicitaba del tribunal que, previo los trámites legales correspondientes, ordenara su reinstalación como empleado, el pago de los salarios dejados de devengar, y daños y perjuicios. La parte demandada contestó la referida demanda, negando las alegaciones funda-

mentales de la misma, quedando así trabada la controversia.

El 8 de abril de 1981, la parte demandada sometió a la parte demandante, por conducto de su abogado, un interrogatorio preliminar. Con fecha de 30 de septiembre de 1981, la parte demandada solicitó del tribunal la imposición de sanciones por razón de no haber contestado la parte demandante el referido interrogatorio preliminar. Nada alegó el licenciado Acevedo Lebrón en defensa de su representado. El tribunal, con fecha de 6 de octubre de 1981 impuso a la parte demandante una sanción de $150 por no haber contestado el interrogatorio y apercibió a dicha parte de la posibilidad de sanciones mayores de no contestar el interrogatorio en el término de diez (10) días. El licenciado Acevedo Lebrón no tomó acción de clase alguna con respecto a dicha orden. Con fecha de 9 de noviembre de 1981, la parte demandada informa al tribunal que el demandante ni ha contestado el interrogatorio ni ha satisfecho la sanción impuesta. Ese mismo día, 9 de noviembre de 1981, el tribunal de instancia dictó sentencia en la que desestimó la demanda y ordenó su archivo, a tenor con las disposiciones de las Reglas 34.2 y 34.4 de Procedimiento Civil. Copia de la referida sentencia fue archivada en autos el 12 de noviembre de 1981. El licenciado Acevedo Lebrón no tomó acción de clase alguna respecto a la sentencia dictada.

Con fecha de 6 de abril de 1982, el demandante Rubén Maldonado Ortiz radicó, por propio derecho, una "Solicitud de Relevo de Sentencia al Amparo de la Regla 49.2 de Procedimiento Civil" en la cual alegó, en síntesis, que se había enterado de los hechos anteriormente relatados, por primera vez, en ocasión de visitar la oficina del licenciado Acevedo Lebrón; que en dicho día el referido abogado le entregó el expediente del caso; y, en adición, le hizo entrega de un escrito, de puño y letra del abogado, en el cual reconoce que no fue diligente en el caso y donde hace constar que el señor Maldonado "nunca se enteró de la situación

hasta el día 29 de marzo de 1982 cuando le entregué el expediente".[1] El tribunal de instancia, con fecha de 23 de abril de 1982, dicta una orden mediante la cual, sin celebración de vista, declara "No ha lugar" a la referida solicitud.[2]

Habiendo comparecido en autos el Honorable Procurador General de Puerto Rico, en representación de la parte demandada, mediante una "Oposición a Solicitud de *Certiorari*", estamos en condiciones de resolver el recurso en sus méritos.

Nos enfrentamos, nuevamente, a la delicada y difícil situación de tener que establecer un balance entre, por un lado, ". . . la labor constitucional e indelegable de los tribunales de primera instancia de velar y garantizar que los procedimientos y asuntos se ventilen sin demora . . .",[3] y, por otro lado, el derecho de todo litigante a tener su "día en corte" y a que sus alegaciones y reclamaciones sean adjudicadas en los méritos.[4]

■ Es cierto que en *Díaz* v. *Tribunal Superior*, 93 D.P.R. 79, 88 (1966), dijimos que "Por regla general, y en ausencia de circunstancias que justifiquen lo contrario, todo litigante que escoge libremente a un abogado para que lo represente en un litigio no puede evitar las consecuencias de los actos y omisiones de tal agente y debe considerarse que ha tenido aviso de todos los hechos y actos que le han sido notificados a su abogado", norma general que en el día de hoy ratificamos.

---

[1] El original de dicho escrito fue acompañado como anejo del presente recurso de *certiorari*. Con fecha de 22 de julio de 1982, este Tribunal emitió una resolución mediante la cual concedió al Lcdo. Hermes Francisco Acevedo Lebrón el término de veinte (20) días para que mostrara causa por la cual no debía ser disciplinado.

[2] Posteriormente, la parte demandante, a través de su nueva representación legal, radicó una moción de reconsideración, la cual corrió la misma suerte que la solicitud original.

[3] *Heftler Const. Co.* v. *Tribunal Superior*, 103 D.P.R. 844, 846 (1975).

[4] *Ramírez de Arellano* v. *Srio. de Hacienda*, 85 D.P.R. 823, 829 (1962).

Nos parece, sin embargo, que en el caso de autos están presentes circunstancias que justifican la no aplicación de la referida norma; nos impacta sobremanera el hecho de la "admisión" por parte del abogado a los efectos de que reconoce que no fue diligente en la tramitación del caso y de que el demandante nunca tuvo conocimiento de los acontecimientos que dieron lugar a la desestimación de la demanda.

No hay duda de que los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte; ese proceder, sin embargo, se debe ejercer juiciosa y apropiadamente.

Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan solo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. La experiencia señala que en la gran mayoría de los casos que presentan esta clase de dificultades —el presente caso es un ejemplo de ello— las partes no están enteradas de la actuación negligente de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato.[5] Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas.

---

[5] Es cierto que un cliente que es privado de su derecho a que su caso sea adjudicado en los méritos debido a la negligencia de su abogado no queda totalmente desprovisto, por cuanto, posiblemente, tendría el derecho de demandar al abogado por "mala práctica profesional". Sin embargo, los tribunales tienen la obligación de establecer y/o fomentar normas que protejan a la ciudadanía en general en sustitución de "procedimientos" que propician los litigios.

Confirmar la denegatoria del tribunal de instancia en el presente caso equivaldría a privar a un ciudadano de reclamar sus derechos y de que los mismos sean adjudicados en un juicio plenario, cuando ese ciudadano no ha incurrido en "culpa" alguna y su única negligencia consistió en haberse equivocado al escoger su representante legal.

Por las razones antes expresadas, *se expide el auto y se dictará sentencia en que se revoque la dictada por el Honorable Tribunal Superior de Puerto Rico, Sala de San Juan, el día 9 de noviembre de 1981 en el caso Civil Núm. PE80-1625, mediante la cual se desestimó la demanda radicada en el citado caso, y se ordena la reinstalación del mismo.*

El Juez Asociado Señor Torres Rigual concurre en el resultado por los fundamentos expuestos en *Acevedo* v. *Compañía Telefónica de P.R.*, 102 D.P.R. 787, 791 (1974), y *Garriga Gordils* v. *Maldonado Colón*, 109 D.P.R. 817, 822–823 (1980). El Juez Asociado Señor Díaz Cruz emitió voto disidente al cual se une el Juez Asociado Señor Negrón García.

—O—

Voto disidente del Juez Asociado Señor Díaz Cruz, al que se une el Juez Asociado Señor Negrón García.

Disiento respetuosamente de aquella parte de la decisión que de hecho crea una nueva regla de notificación, al exigir que aun cuando la parte esté representada por abogado, deberán notificarse los procedimientos al cliente. Este criterio enerva la representación legal, disminuye la facultad del abogado, derrota su autoridad para tomar decisiones y complica el proceso en que a cada paso tendría el Tribunal —antes de resolver aun sobre trivialidades— que cerciorarse de que todas las partes han sido directa y personalmente informadas de antemano sobre el incidente a resolver por el Tribunal. ¿Cuánto litigante perdidoso tratará de derrotar la justicia con nuevo abogado y la alegación de que nunca se enteró de lo que pasaba? Se propone

una nueva regla para corregir una anormalidad que nace de conducta negligente (no tener el cliente informado) que es excepción en la práctica de la abogacía y que tiene adecuada sanción civil y ética, sin excluir el remedio judicial para la parte afectada.