# 95 DTA 118

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE CAGUAS**
**HUMACAO Y GUAYAMA**

CARMEN RIVERA CANALES
Apelante-Recurrida
Peticionada

v.

MUNICIPIO DE JUNCOS
Apelado-Recurrente
Peticionario

Núm. KLCE-95-00114

San Juan, Puerto Rico, a 9 de junio de 1995

Panel integrado por su presidenta, la Juez López Vilanova
y los Jueces Delgado Hernández y Rodríguez García

Rodríguez García, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Atendemos una solicitud de *certiorari* presentada por el Municipio de Juncos para revisar la desestimación de un recurso de revisión interpuesto por el Municipio contra una Resolución de la Junta de Apelaciones del Sistema de Administración de Personal (JASAP). Revocamos.

El día 3 de septiembre de 1992, el Alcalde del Municipio de Juncos le extendió un nombramiento regular a la señorita Carmen Rivera Canales, hasta entonces empleada transitoria del Municipio.

Como resultado de las elecciones celebradas en el 1992, se operó un cambio de administración. La nueva administración impugnó el nombramiento de Rivera Canales y decretó su cesantía, por entender que el mismo era nulo e ineficaz, de conformidad con la Ley de Municipios Autónomos, en sus aspectos de personal, y de la Ley de Personal del Servicio Público.

La empleada acudió ante JASAP, que ordenó su reinstalación. Inconforme, el Municipio acudió en revisión al Tribunal Superior, Sala de Caguas, donde alegó en síntesis, que JASAP erró al decretar la reinstalación de la empleada.

El Tribunal de Instancia desestimó el recurso por dos fundamentos:

Primero, que el abogado de la parte promovente no fue debidamente diligente en la mecánica procesal del recurso. Segundo, que esa parte no cumplió con el requisito de notificación según articulado por la Regla 7(b) de las Reglas para el Procedimiento de Revisión de Decisiones Administrativas, 4 L.P.R.A. Ap. VIII-B, R. 7(b).

## LA REGLA 7 SOBRE NOTIFICACION A LAS PARTES

La Regla 7(b) de las Reglas de Revisión de Decisiones Administrativas establece que *"el recurrente notificará, personalmente o por correo certificado con acuse de recibo [de] las copias...",* y que *"una vez hecho esto el recurrente le certificará al tribunal, no más tarde del siguiente día laborable, el haber hecho la notificación indicando el nombre y dirección de las personas notificadas, y la fecha y forma en que las notificaciones fueron hechas".* La notificación se perfecciona con el depósito en el correo, Regla 67.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 67.2.

En el caso ante nos, el abogado certificó lo siguiente:

*"CERTIFICO: haber enviado copia fiel y exacta del presente escrito a la Junta de Apelaciones del Sistema de Administración de Personal y al Lcdo. ELVIN HERNANDEZ DURAN a sus direcciones de récord."*

Aunque lo deseable sería especificar la dirección específica a la cual se dirigió la copia del escrito, en este caso Carmen Rivera Cancel no negó haber recibido el recurso. Además, el récord demuestra que el 10 de septiembre de 1994 (sábado), su abogado, Lcdo. Elvin Hernández Durán en la Avenida Borínquen 2108 de Barrio Obrero, en Santurce, Puerto Rico, recibió su copia; y que el 12 de septiembre de 1994 (un lunes) la Junta de Apelaciones, Apartado 4840, Old San Juan, P.R. 00902-4840, recibió su copia del recurso de revisión.

Si el abogado de Carmen Rivera Canales recibió el escrito el sábado 10 de septiembre de 1994, el mismo fue puesto en el correo --por lo menos-- el día anterior, viernes 9 de septiembre. Del mismo modo, si JASAP lo recibió el lunes 12 de septiembre de 1994, fue porque éste fue depositado en el correo algún día hábil anterior que fue --por lo menos-- el viernes 9 de septiembre. El Municipio cumplió con el requisito de notificación.

## EXPOSICION NARRATIVA

El Tribunal de Instancia también desestimó por el fundamento alterno de que el Municipio actuó con dejadez e incumplió con sus obligaciones, en particular, la de no haber preparado

una exposición narrativa de la prueba ante JASAP.

Cuando fue despedida de su empleo, Carmen Rivera Canales apeló de la acción de personal en su contra, ante JASAP. Ante aquella agencia, la empleada era efectivamente la **APELANTE** mientras el Municipio de Juncos era la parte **APELADA**. Luego de la vista en sus méritos, JASAP decretó que el nombramiento de Rivera Canales era legítimo. Ante el Tribunal Superior el Municipio de Juncos fue la parte **APELADA-RECURRENTE,** o sea la parte promovente ante el tribunal, y la empleada Rivera Canales fue la parte **APELANTE-RECURRIDA,** la parte promovida. Ante el Tribunal, el Municipio solicitó que se le permitiera incorporar una transcripción de la prueba ante JASAP.

El Juez de instancia que originalmente intervino en el caso dictó la siguiente:

## ORDEN

*"Hemos ido sobre los autos y en nuestra estimativa judicial, creemos que están mejor servidos los propósitos que animan la Regla 9 (3 L.P.R.A. 2174, et seq.) que la parte apelante se acoja a los beneficios de efectuar una exposición narrativa de la prueba, notificando al organismo adjudicativo y a todas las demás partes 20 días para ello.*

*No creemos necesario elevar - ni que se nos someta el expediente administrativo de vista (s) celebrada(s) en J.A.S.A.P. Regla 11.*

*Una vez cumplido con lo indicado en el párrafo primero, la parte recurrida deberá comparecer a mostrar causa por la que (a) no debemos expedir el recurso; (b) expedir el auto definitivo y dictar sentencia en los méritos; 30 días para ello. Véase además Regla 13 (c).*

*NOTIFIQUESE.*

*En Caguas, Puerto Rico, a 31 de octubre de 1994.*

*(Firmado)*

*RAFAEL CASTRO PEREZ*
*JUEZ DEL TRIBUNAL SUPERIOR"*

Por tanto, impuso a la parte que prevaleció en JASAP, Carmen Rivera Canales, la obligación de confeccionar el proyecto inicial de la exposición narrativa de la prueba.

Dicha parte se dio a la tarea de preparar la exposición, para la cual solicitó en dos ocasiones una prórroga al tribunal. Mientras el abogado de Rivera Canales elaboraba la exposición narrativa de la prueba, el caso a nivel de instancia fue reasignado. Ante el incumplimiento, el nuevo Juez dictó la sentencia que provoca el recurso ante nuestra consideración. El Municipio no actuó con dejadez y no debe ser responsabilizado por el problema de la exposición narrativa.

Finalmente, un señalamiento sobre la sanción de la desestimación aplicada en este caso al Municipio de Juncos. En *Maldonado v. Soltero,* 113 D.P.R. 494, 498 (1982), el Tribunal Supremo señala que *"planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la aplicación de sanciones"* --y en este caso no lo ameritaba-- *"la primera sanción debe, en primer término aplicarse al abogado de la parte."*

*"Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida".*

En el caso de autos no se sancionó al abogado inicialmente. En estas circunstancias, no procedía la desestimación.

Por los fundamentos expuestos, se expide el auto, se revoca al Tribunal de Primera Instancia y se devuelve el caso para la continuación del trámite conforme a esta Resolución.

REGISTRESE Y NOTIFIQUESE.

Lo acuerda el tribunal, y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 118**

**1.** Corresponde señalar que situaciones como las que aquí atendemos se podrían evitar si los abogados y los jueces al dictar sus órdenes, resoluciones y sentencias se refiriesen a las partes en forma tal que no quede lugar a dudas a qué parte va dirigida la disposición. Sobre este particular, la Regla 28 de las Reglas Federales de Procedimientos Apelativos, *"Federal Rules of Appelate Procedure"*, Fed. R. App. P. 28, dispone:

*"**References in Briefs to Parties.** Counsel will be expected in their briefs and oral arguments to keep to a minimum references to parties by such designations as "appelant" and "appellee". It promotes clarity to use the designations used in the lower court and or in the agency proceedings, or the actual names of the parties, or descriptive terms such as the " the employee", "the injured person", "the taxpayer", "the ship", "the stevedore", etc. "*