*948 TEXTO COMPLETO DE LA SENTENCIA
Casiano Communications demandó en cobro de dinero a Juan Antonio Santana. Alegó que él y su Distribuidora de Revistas Relámpago, Inc. habían incumplido un acuerdo firmado con Casiano para comprar y revender varias de sus publicaciones. Reclamó $40,929.26.
Santana compareció y solicitó la desestimación de la demanda en su contra. Alegó que, bajo la Ley de Corporaciones de Puerto Rico, no respondía en su capacidad personal de deudas adquiridas por Revistas Relámpago. Señaló que nunca había otorgado un contrato con Casiano. Casiano se opuso. Indicó que del texto del acuerdo firmado por las partes se desprende que Santana garantizó solidariamente la obligación entre Revistas Relámpago y Casiano. El Tribunal de Primera Instancia emitió Resolución denegando la desestimación solicitada. Aclaró que podría ser presentada nuevamente una vez culminara el descubrimiento de prueba. Santana pidió reconsideración. Reiteró que había comparecido al acuerdo sólo como ejecutivo de Revistas Relámpago. El Tribunal de Primera Instancia se negó a reconsiderar.
Santana presentó petición de certiorari. Alegó que erró el foro de instancia al negarse a desestimar la demanda en su contra al amparo de la Ley de Corporaciones; que el acuerdo en cuestión fue firmado entre Casiano y Revistas Relámpago sin obligarle personalmente de forma alguna. Un panel hermano denegó el recurso. Concluyó:
“Al examinar esos hechos liberalmente, se desprende que no es posible desestimar la demanda contra Santana hasta tanto se descubra más prueba sobre la relación contractual entre las partes. Casiano tendría derecho al remedio reclamado a Santana si establece con prueba el carácter solidario de la obligación contractual. El Tribunal de Primera Instancia actuó correctamente al denegar la desestimación mientras se completa el descubrimiento de prueba.”
Mientras esto ocurría, el Tribunal de Primera Instancia dirigía, como corresponde, el proceso ante sí. Cuando el foro declaró sin lugar por primera vez la desestimación contra Santana, le concedió a éste quince días para contestar la demanda. El 2 de marzo de 2009, Casiano presentó una “Moción informativa con relación a réplica y solicitud de permiso para enmendar la demanda”. Pidió permiso para incluir a la corporación Distribuidora de Revistas Relámpago, Inc. como codemandada. En cada ocasión, Casiano solicitaba la anotación de rebeldía. El Tribunal oportunamente consideró mociones pendientes y resolvió:
“Examinados los siguientes documentos: (1) “Moción informativa con relación a réplica y solicitud de permiso para enmendar demanda” presentada por la parte demandante el 2 de marzo de 2009; (2) “Moción de Reconsideración y otros asuntos” presentada por la parte demandada, Juan Antonio Santana, el 6 de marzo de 2009, y (3) “Moción en oposición a reconsideración y solicitud de señalamiento de vista de estatus” presentada por la parte demandante el 13 de marzo de 2009, el Tribunal dispone lo siguiente:
Se acepta la Demanda Enmendada. Presente la parte demandante emplazamiento de la Corporación para ser *949 expedido y diligenciado dentro de los 30 días siguientes a su expedición.
En cuanto a la reconsideración solicitada por el codemandado, Juan Antonio Santana, NO HA LUGAR. Nos reafirmamos en lo dispuesto en la Resolución y Orden del 24 de febrero de 2009.
En cuanto a la solicitud de rebeldía, NO HA LUGAR. Véase término concedido para contestar la demanda en orden del 24 de febrero de 2009.
Se señala Conferencia sobre el Estado de los Procedimientos para el 25 de agosto de 2009 a las 9:15 a.m. fecha para la cual deberán haber culminado con el descubrimiento de prueba.”
El 27 de marzo de 2009, Casiano Communications volvió a solicitar que se anotara la rebeldía de Santana. El 7 de abril de 2009, el foro dictó orden anotándole la rebeldía. Le ordenó a la parte demandada que presentara la documentación necesaria para dictar sentencia. El 17 de abril de 2009, Casiano presentó declaración jurada acreditando la deuda reclamada y la veracidad de las alegaciones expuestas en su demanda enmendada. Sometió proyecto de sentencia. Ese mismo día, la representación legal de Santana presentó “Moción informativa y de reconsideración”. Anunció que presentaría la petición de certiorari que el panel hermano consideró y resolvió. Argumentó:
“Que Juan Antonio Santana no ha dejado de presentar alegaciones o de defenderse para que se le pueda anotar la rebeldía. (...) Que muy respetuosamente se solicita que este Honorable Tribunal reconsidere su Orden del 7 de abril de 2009 notificada y archivada en autos el 14 de abril de 2009 y no dicte Sentencia en rebeldía en contra de Juan Antonio Santana, pues éste al presente está próximo a presentar escrito de certiorari ante el Tribunal de Apelaciones y si no prosperara en su solicitud ante los cuerpos judiciales apelativos, estaría contestando la demanda.” (Énfasis nuestro)
A esta moción, el Tribunal de Primera Instancia respondió: “Nada que disponer al día de hoy.”
El 25 de agosto de 2009 se celebró la Conferencia sobre el Estado de los Procedimientos. Compareció la licenciada Yahira Caro Domínguez en representación de la parte demandante. No compareció el licenciado Rolando X. Vázquez Cruz, quien es el representante legal de Santana. La minuta, en la parte pertinente, resume:
“Iniciados los procedimientos, la licenciada Caro Domínguez informó que todavía estaba pendiente la Resolución del Tribunal Apelativo. Indicó que se ha reunido en varias ocasiones con la parte demandada y entiende que tiene la evidencia necesaria para sustentar las alegaciones de la parte demandante. Expresó que aún no ha cursado interrogatorios ni ha calendarizado las deposiciones en espera de la Resolución del Tribunal Apelativo en cuanto a la desestimación de la parte demandada en su carácter personal. Solicitó que se dictara Sentencia contra la parte demandada.” (Énfasis nuestro)
Durante la vista, según la minuta notificada a las representaciones legales de las partes, el Tribunal dictaminó:
“Se le concede hasta el viernes 28 de agosto de 2009 a la parte demandante para suplementar la declaración jurada y así poder dictar Sentencia en rebeldía contra la parte demandada, Juan A. Santana, ya que el recurso de certiorari presentado ante el Tribunal de Apelaciones no paraliza la continuación de los procedimientos en el Tribunal de Primera Instancia.
Se le conceden 5 días al Ledo. Rolando X. Vázquez Cruz para mostrar causa por la cual no se le deba imponer una sanción de $200.00 por su incomparecencia a la vista señalada en la mañana de hoy. Deberá también cancelar los debidos aranceles de suspensión dentro del mismo término.
Notifíquese la minuta a las representaciones legales del pleito.” (Énfasis suplido).
*950 Es de notar que la citada minuta no fue notificada a Santana en su carácter personal, sólo a las representaciones legales de las partes. El 9 de septiembre de 2009, este Tribunal denegó el certiorari. La resolución fue notificada el 14 de septiembre de 2009. El 16 de septiembre de 2009, Santana presentó su contestación a la demanda con sus defensas afirmativas y su reconvención. Entre sus alegaciones incluyó:
“La Demandante pretende cobrar de más de lo establecido, y fuera de los términos establecidos en el contrato. (...) Los daños y/o cobro de dinero alegados en la Demanda, si algunos, están siendo altamente exagerados por la parte Demandante, son auto-infligidos, son especulativos, y/o imaginarios, y como tal no son recobrables en derecho.
Los daños y/o reclamo de cobro de dinero alegadamente sufridos, si algunos, se debieron en todo o en parte a la propia culpa y/o negligencia del Demandante.
La parte Demandante no mitigó los daños.
La parte Demandante actuó de mala fe en cuanto no presentó copia de las facturas, o los contratos que certificaran la deuda.
La presente Demanda está prescrita.
La Demandada no violó ningún deber para con la parte Demandante.
No existe solidaridad ni cláusula sobre la misma en el contrato.
La parte Demandante incumplió el contrato al no recibir mercancía de crédito por parte de Distribuidora de Revistas Relámpago, Inc.
Que la parte demandante facturaba ilegalmente contrario a los números y porcentajes establecidos en el contrato.”
Casiano Communications se opuso a la presentación de la contestación sometida por Santana y argumentó:
“Toda vez que el codemandado Juan Antonio Santana, luego de haber sido debidamente emplazado, no presentó alegación responsiva dentro del término que dispone la Regla 10.1 de Procedimiento Civil, mediante Orden del 27 de marzo de 2009, notificada el 7 de abril de 2009, este Tribunal le anotó la rebeldía.
A la conferencia sobre estado de los procedimientos celebrada el 25 de agosto de 2009 no compareció el codemandado Juan Antonio Santana, y a esa fecha tampoco se había recibido alegación responsiva de parte del codemandado.
En vista de lo anterior, y de que el recurso de certiorari presentado por Santana no paraliza los procedimientos ante este Honorable Tribunal, el 25 de agosto de 2009 este Tribunal dictó Sentencia contra Juan Antonio Santana en corte abierta.”
El Tribunal de Primera Instancia resolvió:
“Examinado el escrito titulado “Contestación a la demanda y reconvención de Juan Antonio Santana” presentado por la parte demandada el 16 de septiembre de 2009, el Tribunal dispone lo siguiente:
No se acepta, ya que la parte co-demandada Juan Antonio Santana d/b/a Distribuidora de Revistas Relámpago *951 se encuentra en rebeldía desde el 7 de abril de 2009 y no surge ninguna justificación para no haber contestado la demanda dentro del término ordenado.
Tienen 30 días los representantes legales de las partes para reunirse, delimitar las controversias y radicar una moción conjunta informando y calendarizando el descubrimiento de prueba a realizarse, si alguno, así como la prueba que tiene cada parte para sustentar sus alegaciones.”
De esta Resolución, Santana acude en certiorari y señala que erró el Tribunal de Primera Instancia al no aceptar la contestación a la demanda y reconvención de Santana y al no relevarle de la anotación de rebeldía.
El 23 de noviembre de 2009 dictamos la siguiente Resolución:
“Visto el recurso de epígrafe, muestre causa la parte recurrida, en cinco días, por la cual no debamos expedir y revocar la orden impugnada según la clara pauta jurisprudencial sobre sanciones drásticas sin advertencia directa a la parte, iniciada en Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494, 498 (1982), reiterada en Amaro González v. First Fed. Savs., 132 D.P.R. 1042, 1051 (1993), consolidada en S.L.G. Sierra v. Rodríguez, 163 D.P.R. 738, 745-746 (2005), y requerida expresamente, como parte del debido proceso de ley, en el ordenamiento procesal vigente, véase Regla 39.2 de las de Procedimiento Civil, 32 L.P.R.A., Ap. Ill, R. 39.2.”
Casiano Communications compareció. En su respuesta, no cumplió nuestra orden. Sometió su oposición a que expidiéramos el certiorari y a la moción en auxilio de jurisdicción.
El tracto procesal que debemos destacar —por ser el único pertinente a este recurso — , es: (1) cuando el Tribunal de Primera Instancia anotó la rebeldía el 7 de abril de 2009, Santana pidió reconsideración y la jueza de instancia le contestó “nada que disponer al día de hoy”, quedó pues pendiente de resolución el relevo de la anotación de rebeldía; (2) en la vista de estatus de 25 de agosto de 2009, la jueza accedió a dictar Sentencia en Rebeldía y ordenó al representante legal de Santana que mostrara causa por la cual no debía ser sancionado por su incomparecencia a esa vista; (3) Santana pidió reconsideración de esas determinaciones y anunció que aguardaba por la decisión de este Tribunal de Apelaciones en tomo a su recurso de certiorari para someter la contestación a la demanda, su moción no fue respondida; (3) denegado el certiorari por este Tribunal, Santana sometió su contestación y reconvención. El Tribunal emite la Resolución aquí impugnada.
En dicho dictamen, el foro se niega a reconsiderar su decisión de anotar la rebeldía. El Tribunal no avaló la teoría de Casiano Communications de que ya hubiere dictado Sentencia en Rebeldía. Instruyó el descubrimiento de prueba necesario. Estamos en presencia de una reclamación que requiere vista en su fondo, aún en rebeldía, según la Regla 45.2 (b) de las de Procedimiento Civil, 32 L.P.R.A., Ap. III, Regla 45.2.
En este caso, la anotación de la rebeldía primero obedeció a que la representación legal de Santana incumplió las órdenes del Tribunal para que contestara la demanda y no justificó, según el foro impugnado, sus actuaciones. Examinaremos primero la sanción drástica y después, en los méritos, la decisión de no relevar al demandado de la anotación de rebeldía.
I
La doctrina sobre la imposición de sanciones drásticas contra una parte en un litigio, ha alcanzado un talante de cuya gravedad los organismos jurisdiccionales ténemos que estar muy conscientes. Los tribunales que imponen sanciones —y las partes que las promueven — , deben ser celosos en la observación de los requisitos. Sobre todo el requisito indispensable de hacer advertencia previa y adecuada a la parte que se ha de sancionar. El derecho protege de la sanción drástica aun a quien confía sus asuntos a un abogado o abogada y no hace diligencias para verificar la eficiencia de su labor.
*952 El reto de superar la congestión de los calendarios judiciales y el buen propósito de impartir justicia rápida - porque la lenta nunca es justa — , no puede estar reñido con el debido proceso de ley. La inobservancia del requisito de advertencia previa sobre una posible sanción conlleva que, en lugar de acelerarse la solución de los litigios, se retrasen. Aquellos a quienes se les ha conculcado la salvaguarda del debido proceso de ley, tienen derecho a apelar. Si la sanción sin advertencia previa y adecuada fuera la desestimación o, como en este caso, la eliminación de las alegaciones y defensas de la parte demandada, la sentencia será nula. El juez o la jueza que quiso hacer justicia rápida al desestimar de esa forma, terminó haciéndola más lenta.
En Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494, 498 (1982), el Tribunal Supremo sentó una pauta dentro del orden procesal sobre la imposición de sanciones a las partes en los litigios que resume decenios de fragua:
“Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. La experiencia señala que en la gran mayoría de los casos que presentan esta clase de dificultades -el presente caso es un ejemplo de ello- las partes no están enteradas de la actuación negligente de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato. Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas.”
El Tribunal Supremo consideró en Maldonado, que “la experiencia señala que en la gran mayoría de los casos” cuando las partes se enteran de la actuación negligente de sus abogados “la situación es corregida de inmediato”. Por eso sentó la pauta de que se le notificara a las partes de las advertencias de una posible sanción. Y por eso también añadió: “Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción”. Aunque esa pauta específica de amonestación y sanción al abogado o abogada antes de hacer advertencia y sanción a la parte era nueva, la doctrina en que se basó no lo era. Cuando se resolvió Maldonado Ortiz, era ya abundante la casuística sobre el asunto. Véase Amaro González v. First Fed. Savs., 132 D.P.R. 1042, 1051 (1993). La doctrina procesal es hoy, y ha sido por décadas del rango del debido proceso de ley. Es decir, la doctrina es de orden constitucional. En S.L.G. Sierra v. Rodríguez, 163 D.P.R. 738, 745-746 (2005), el Tribunal Supremo reiteró la ya antigua doctrina:
“En Rivera Santana v. Superior Packing, 132 DPR 115, 124 (1992), explicamos que hay una clara política pública judicial de que “los casos se ventilen en los méritos.” Allí sostuvimos además, que existe un “importante interés de que todo litigante tenga su día en corte y que la parte no sea perjudicada por los actos y omisiones de su abogado.” (...) [E]n el ámbito de la Regla 37.3 de Procedimiento Civil, que rige lo relacionado con las sanciones por incomparecencia, hemos reiterado que la desestimación como sanción es una medida sumamente drástica a la que sólo debe acudirse en casos extremos en los que no exista duda sobre la irresponsabilidad de la parte así sancionada. Hace ya cuatro décadas resolvimos que “[d]esestimar... una demanda... como medio de sanción... tiene el efecto de privar a un ciudadano de la función judicial de adjudicación que forma parte de nuestra estructura constitucional, privándole la oportunidad de un día en corte para hacer valer en los méritos la legitimidad de su derecho a reclamar....”, Ramírez de Arellano v. Srio. de Hacienda, 85 DPR 828, 829 (1962). (Énfasis nuestro)
Nótese que esa pauta nos remite “al ámbito de la Regla 37.3 de Procedimiento Civil, que rige lo relacionado con las sanciones por incomparecencia”. Cita una doctrina de sobre 40 años, Ramírez de Arellano v. Srio. de Hacienda, 85 DPR 828, 829 (1962). Cuando la Regla 39.2(a) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, *953 R. 39.2(a), que es la que legisla la facultad de los tribunales para sancionar a una parte por el incumplimiento de sus órdenes, fue enmendada en el año 2004 para incorporar la reiterada doctrina y la pauta de Maldonado Ortiz, ya estaba clara la doctrina que protegía de todo tipo de sanciones drásticas, sin advertencia previa, a las partes. La regla ahora dispone que antes de aplicar una sanción drástica se notifique a la parte y que se le dé “un término razonable para corregir la situación que en ningún caso será menor de 30 días”, a menos que haya circunstancias del caso que ameriten aceleración. Veamos el claro lenguaje de la Regla 39.2 (a) según quedó enmendada:
“Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado de la parte de la situación y se le haya concedido oportunidad para responder. Si el abogado de la parte no respondiese a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta días, a menos que las circunstancias del caso justifiquen que se reduzca el término.” (Enfasis nuestro)
En Pueblo v. Francisco Rivera Toro, res. el 20 de febrero de 2008, 2008 J.T.S. 52, 173 D.P.R._(2008), el Tribunal Supremo volvió sobre este asunto para extenderlo a los casos penales:
“Este Tribunal estableció en Maldonado v. Secretario de Recursos Naturales, 113 D.P.R. 494, 498 (1982), la tan reiterada norma, de que cuando un tribunal de instancia tiene ante sí un caso civil que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, éste debe, en primer término, imponerlas al abogado. Cuando estas medidas menos drásticas no tengan efectos positivos es que procede la desestimación de la demanda o eliminación de las alegaciones, tan sólo después de que la parte haya sido informada y apercibida de la situación y de las consecuencias de la misma si no se corrige.” Id. Tal pauta jurisprudencial fue aplicada al proceso apelativo. Véase: López Rivera v. Rivera Díaz, 141 D.P.R. 194 (1996).
Al respecto, este Tribunal sólo se había expresado a esos efectos en causas civiles. Es lógico razonar, sin embargo, que si en el campo civil el mecanismo de la desestimación debe ser el último recurso para preservar la dignidad y la disciplina en los tribunales, más aún debe serlo en el campo criminal en el cual está en juego la reputación y libertad de un ser humano. Por lo tanto, en causas criminales, el Tribunal de Apelaciones debe utilizar, en primer término, medidas menos drásticas que la desestimación para propiciar que se perfeccionen diligentemente los recursos ante su consideración. Únicamente, cuando el incumplimiento de la parte interesada impida que el tribunal pueda atender el caso en los méritos, o cuando el abandono de la apelación por la parte sea tal que resulten ineficaces las sanciones menos extremas, puede procederse a la desestimación del recurso, siempre luego de que la parte fuera apercibida e informada de la desestimación y sus consecuencias.” (Énfasis nuestro)
En síntesis, debemos tenerlo muy claro. Antes de sancionar drásticamente a una parte por cualquier causa — por más justificada que ésta fuera — , hay que: (1) amonestar a la representación legal y darle la oportunidad de que corrija su error o negligencia, (2) si eso no funciona, corresponde sancionar al abogado o abogada, y (3) notificar el problema personalmente a la parte representada, advirtiéndole que si no lo corrige se podrá desestimar su reclamación explicándole lo que eso supone, es decir, “sus consecuencias”. No se cumple el requisito de ley y la doctrina de orden constitucional con una advertencia general. Hay que notificarle a la parte, en el momento del incumplimiento, que la reiteración de la conducta conllevará una sanción y explicarla. Para la corrección se tendrán, normalmente, 30 días, según la citada enmienda a la Regla 39.2.
La Resolución aquí impugnada sanciona a Santana eliminando sus alegaciones. Ninguna de las razones para *954 sancionar, ni sus consecuencias, le habían sido notificadas a Santana en su carácter personal con el fin de que se ocupara de proteger sus derechos en el caso. Se impuso la sanción más drástica, sin previa advertencia a la parte. La eliminación de las alegaciones y defensas de Santana, según Sierra Quiñones, “es una medida sumamente drástica a la que sólo debe acudirse en casos extremos en los que no exista duda sobre la irresponsabilidad de la parte así sancionada.” (Énfasis nuestro)
Santana compareció desde el inicio de este caso y buscó agresivamente, en todo momento, la desestimación de la demanda en su contra. Anunció que contestaría la demanda si eso no prosperaba. El Tribunal anotó la rebeldía. Están en el expediente las mociones de reconsideración en las que el abogado de Santana, confiado en sus gestiones para la desestimación, pedía oportunamente que se relevara a su cliente de esa anotación y del propósito manifiesto de dictar sentencia en rebeldía. Aseguraba que cumpliría las órdenes del Tribunal una vez este Tribunal resolviera su recurso. El foro no resolvió inmediatamente. Pero cuando este Tribunal denegó el recurso, sancionó a Santana sin advertirle de la precariedad de sus defensas. Está claro, muy claro en la ley procesal y la doctrina constitucional sobre el debido proceso de ley, que la privación de defensas y las sanciones drásticas sin advertencia a la parte no pueden ser sostenidas.
n
La Regla 45.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que procede la anotación de rebeldía “cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según lo dispuesto en dichas reglas.” (Énfasis nuestro). En Ocasio Méndez v. Kelly Services, 163 D.P.R. 653, 670 (2005), el Tribunal Supremo esclareció los fines que persigue la normativa procesal:
“Dicho remedio opera en dos situaciones, a saber: cuando el demandado no cumple con el requisito de comparecer a contestar la demanda y/o a defenderse en otra forma prescrita por ley, no presentando alegación alguna contra el remedio solicitado; o en las situaciones en que una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a éste a imponerle la rebeldía como sanción.” Álamo v. Supermercado Grande, Inc., 158 D.P.R. 93 (2002). (Énfasis nuestro)
El Tribunal Supremo, en Díaz v. Tribunal Superior, 93 DPR 79, 87 (1966), ya había establecido lo que no está contemplado en esa normativa procesal:
“El objeto de estas disposiciones procesales no es conferir una ventaja a los demandantes o querellantes para obtener una sentencia sin vista en los méritos. Son normas procesales en beneficio de una buena administración de la función adjudicativa, dirigidas a estimular la tramitación de los casos.”
Esa teleología genera un criterio de flexibilidad al momento de atender una moción de relevo de la anotación de rebeldía. Citando a Díaz, el Tribunal Supremo ha reiterado una y otra vez que “cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una sentencia o anotación de rebeldía, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos.” Vázquez v. López, 160 D.P.R. 714,726 (2003). Antes de llegar a cualquier determinación que por su naturaleza conlleve graves consecuencias a la parte demandada, un tribunal debe tomar en consideración la posibilidad del ejercicio de defensas válidas por parte de ésta. Véase: Román Cruz v. Díaz Rifas, 113 DPR 500, 506 (1982); José Cuebas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones JTS, (1979) a la pág. 254. También debe ponderar la clara política judicial de nuestra jurisdicción que prefiere siempre que las controversias sean adjudicadas en sus méritos.
En este caso ante nuestra consideración está claro que Santana compareció a los fines de pedir la desestimación alegando no ser responsable en su carácter personal o como deudor solidario, de la deuda en cuestión. Optó por “defenderse en otra forma prescrita por ley, no presentando alegación alguna contra el remedio solicitado”, Ocasio Méndez, supra. El Tribunal de Primera Instancia denegó la desestimación hasta examinar los *955 hechos del caso después del descubrimiento de prueba. El panel hermano de este Tribunal se negó a expedir el auto de certiorari que hubiese revisado esa decisión.
Pero el Tribunal, pendiente ese recurso, decidió ejercer la jurisdicción que tenía, ya que el auto no había sido expedido. Halló que Santana, al no contestar la demanda, había, en palabras de Ocasio Méndez, “incumplido con algún mandato del tribunal”. El foro había insistido en que Santana contestara la demanda y éste no lo había hecho. Anotó la rebeldía como sanción y no advirtió previamente a Santana. Santana pidió reconsideración. El Tribunal pospuso reconsiderar. Cuando finalmente actuó, denegó el relevo de la anotación de rebeldía y eliminó las alegaciones responsivas de Santana.
El foro impugnado no consideró si su contestación sometía alguna defensa válida. Sólo consideró que no había justificado el no someter la contestación antes. Pero, con razón o sin ella, lo había hecho. Con tiempo había pedido que no se le exigiera contestar la demanda hasta que se resolviera su recurso de certiorari.
En este caso, falta conducir el necesario descubrimiento de prueba. En nada afecta a la parte demandante en su propio proceso que esa prueba se dirima después de un litigio adversativo en forma. La Regla sobre rebeldía no existe para concederle ventaja al demandante de un demandado rebelde. Díaz v. Tribunal Superior, supra.
Hemos reseñado aquí un listado de las alegaciones y defensas sometidas por Santana en su contestación y •reconvención. Son suficientes para justificar la aplicación de la clara política judicial de nuestra jurisdicción que prefiere siempre que las controversias sean adjudicadas en sus méritos.
En virtud de lo expuesto, se expide el auto de certiorari; se revoca la resolución impugnada; se releva al demandado Juan Antonio Santana de la anotación de rebeldía; se autoriza la presentación de la contestación a la demanda y la reconvención para que dicha parte demandada tenga acceso a “la función judicial de adjudicación que forma parte de nuestra estructura constitucional”, Sierra Quiñones v. Rodríguez Luciano, supra. Se devuelve el caso al Tribunal de Primera Instancia para que continúe los procedimientos de conformidad con lo aquí resuelto.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones