Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI-ESPECIAL

| | | |
|---|---|---|
| ASOCIACIÓN DE PADRES ECUESTRES MONAGAS, INC., Y OTROS<br><br>Recurridos<br><br>v.<br><br>FEDERACIÓN PUERTORRIQUEÑA DE DEPORTES ECUESTRES, INC., Y OTROS<br><br>Peticionarios | TA2025CE00055 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm. SJ2024CV05061<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## R E S O L U C I Ó N

En San Juan, Puerto Rico, a 19 de agosto de 2025.

Comparece la parte peticionaria, Federación Puertorriqueña de Deportes Ecuestres, Inc., y otros, mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución* emitida el 20 de marzo de 2025, notificada el 21 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el referido dictamen, el foro primario declaró No Ha Lugar una *Moción de desestimación bajo la Regla 10.2* promovida por la parte peticionaria.[1]

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

### I.

El caso tiene su inicio el 4 de junio de 2024, cuando la Asociación de Padres Ecuestres Monagas, Inc., et al (recurrida) presentó una *Demanda* sobre incumplimiento de contrato de afiliación voluntaria y daños y perjuicios contra la parte peticionaria.

---

[1] Apéndice del recurso, Anejo 7.

Sin embargo, el 1 de julio de 2024, la recurrida incoó una *Segunda Demanda Enmendada* en la que alegó que la peticionaria efectuó varios actos intencionales y de persecución en contra de esta.[2] Ello, debido a que la peticionaria laceró el deporte ecuestre tras realizar actos que afectaron las actividades, entrenamientos y competencias de los jinetes. En particular, adujo que, Mildred Colón Rodríguez, Roxana Soto Zayas, Israel López Dávila, entre otros, incumplieron con los propósitos y normativa federativa y, por tanto, la recurrida sufrió varios daños y perjuicios. Asimismo, arguyó que, el manejo arbitrario de los asuntos bajo la jurisdicción de la peticionaria constituyó un incumplimiento en el contrato que suscribió con la parte peticionaria. En virtud de lo anterior, solicitó una indemnización en concepto de daños y perjuicios.

El 3 de septiembre de 2024, la parte peticionaria instó una *Moción de desestimación bajo la Regla 10.2* en la que solicitó la desestimación de la *Demanda* radicada en su contra.[3] En síntesis, alegó que existe falta de jurisdicción sobre la materia, que la *Demanda* deja de exponer una reclamación que justifica la concesión de un remedio y la falta de parte indispensable. En cuanto a la falta de jurisdicción sobre la materia, arguyó que, la parte recurrida debió agotar los remedios administrativos establecidos en los reglamentos de la federación previo a instar la *Demanda* en el Tribunal de Primera Instancia.

Por otro lado, sostuvo que, en la *Demanda* no existían alegaciones claras y específicas acerca del presunto incumplimiento contractual o reglamentos de la parte peticionaria. En esa línea, ripostó que, no se le debía conceder una indemnización por concepto de daños y perjuicios tras no mediar fraude, error, colusión o

---

[2] Apéndice del recurso, Anejo 1.
[3] *Íd.*, Anejo 2.

arbitrariedad. Por consiguiente, le solicitó al Tribunal de Primera Instancia la desestimación de la *Demanda.*

Por su parte, el 20 de septiembre de 2024, la parte recurrida presentó una *Oposición a la moción de desestimación.* En esencia, sostuvo que, los hechos presentados en la *Demanda* demuestran la existencia de un reclamo de daños y perjuicios que recae fuera de la jurisdicción de la Federación Deportiva.[4] Argumentó que, el TPI tenía jurisdicción en los asuntos de las asociaciones deportivas si versaba sobre contratos de asociaciones voluntarias y, dicho contrato le ocasionó un daño a una de las partes. Consecuentemente, la parte recurrida aseveró que no procedía desestimar la *Demanda* debido a que el foro primario tenía jurisdicción para atender el asunto.

Así las cosas, el 20 de marzo de 2025, notificada al día siguiente, el Tribunal de Primera Instancia emitió una *Resolución* en la que declaró No Ha Lugar la *Moción de desestimación bajo la Regla 10.2* incoada por la parte peticionaria.[5] El *foro a quo* determinó que tenía jurisdicción para atender la controversia puesto que trataba sobre un reclamo de daños y perjuicios y no un asunto de derecho deportivo. En esencia, concluyó que, las alegaciones presentadas por la parte recurrida sostenían los actos torticeros que podrían dar lugar a una causa de acción en daños.

En desacuerdo, el 7 de abril de 2025, la parte peticionaria presentó una *Moción de Reconsideración,*[6] a la cual la parte recurrida se opuso.[7]

El 28 de mayo de 2025, el Tribunal de Primera Instancia emitió una *Orden* en la que declaró No Ha Lugar a la *Moción de reconsideración.*

---

[4] Apéndice del recurso, Anejo 3.
[5] *Íd.,* Anejo 4.
[6] *Íd.,* Anejo 5.
[7] *Íd.,* Anejo 6.

Inconforme, el 27 de junio de 2025, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y esbozó los siguientes señalamientos de error:

> ERRÓ EL TPI AL DENEGAR LA DESESTIMACIÓN DE LA DEMANDA BAJO LA REGLA 10.2(5), YA QUE NINGUNA DE LAS CAUSAS DE ACCIÓN DE LA DEMANDA SON PLAUSIBLES EN DERECHO.

> ERRÓ EL TPI AL DENEGAR LA DESESTIMACIÓN DE LA DEMANDA BAJO LA REGLA 10.2(5) E INTERVENIR CON UNA ENTIDAD PRIVADA PORQUE LOS DEMANDANTES – RECURRIDOS PERTENECEN A OTRA ENTIDAD Y NO SON PARTE DE LA FPDE.

En cumplimiento con nuestra *Resolución* del 1 de agosto de 2025, la parte recurrida compareció el 11 de agosto de 2025 mediante una *Oposición a expedición de certiorari*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

## A

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de

decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

El Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B**

Nuestro ordenamiento jurídico promueve el interés de que todo litigante tenga su día en corte. Esta postura responde al principio fundamental y política judicial de que los casos se ventilen en sus méritos y se resuelvan de forma justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Banco Popular v. S.LG. Negrón,* 164 DPR 855, 874 (2005); *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 124 (1992); *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993). No obstante, nuestro ordenamiento permite la presentación de mociones dispositivas con el propósito de que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio en su fondo. Los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, ese proceder se debe ejercer juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982). Es decir, la desestimación de un pleito constituye el último recurso al cual se debe acudir. *S.L.G. Sierra v. Rodríguez,* 163 DPR 738 (2005).

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que formula la parte demandada antes de presentar su alegación responsiva, mediante la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006). Dicho petitorio deberá basarse en uno de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2; *Díaz*

*Vázquez y otros v. Colón Peña*, 214 DPR 1135 (2024); *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, 214 DPR 1109 (2024); *Rivera Candela y otra v. Universal Insurance Company*, 214 DPR 1007 (2024); *Blassino Alvarado y otro v. Reyes Blassino y otro*, 214 DPR 823 (2024); *Costas Elena y otros v. Magic Sport Culinary Corp*, 213 DPR 523 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065-1066 (2020).

Al resolver una moción de desestimación bajo el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra*, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro*, 2025 TSPR 1, resuelto el 7 de enero de 2025; *Díaz Vázquez y otros v. Colón Peña y otros*, supra; *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, supra; *Rivera Candela y otra v. Universal Insurance Company*, supra; *Blassino Alvarado y otro v. Reyes Blassino y otro*, supra; *Costas Elena y otros v. Magic Sport Culinary Corp*, supra; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70 (2023); *Casillas Carrasquillo v. ELA*, 209 DPR 240 (2022); *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267 (2021). Asimismo, tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante. *Íd.*; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, págs. 428-429; *Dorante v. Wrangler of P.R.*, 145 DPR 408, 414 (1998). En vista de ello, la desestimación procedería únicamente cuando de los hechos alegados no podía concederse remedio alguno a favor de la parte demandante. *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), citando a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. Tampoco procede la desestimación si la demanda es

susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, pág. 429. En otras palabras, se debe considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Díaz Vázquez y otros v. Colón Peña*, supra; *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991). Ahora bien, si tras este análisis el tribunal aún entiende que no se cumple con el estándar de plausibilidad, entonces debe desestimar la demanda, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena y otros v. Magic Sport Culinary Corp*, supra.

### III.

La parte peticionaria plantea en su primer señalamiento de error que el Tribunal de Primera Instancia erró al denegar la *Moción de desestimación bajo la Regla 10.2* debido a que el remedio solicitado por la parte recurrida no procede conforme a derecho. Ello, en virtud de que, ante los hechos esbozados en la *Demanda*, la parte recurrida no tiene un remedio en derecho. En su segundo señalamiento de error, la parte peticionaria argumentó que, el Tribunal de Primera Instancia no tenía jurisdicción para atender la causa de acción tras no existir un contrato entre las partes. Sostiene, además, que el Tribunal de Primera Instancia carece de jurisdicción para atender los asuntos deportivos.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre los planteamientos que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar la

*Moción de desestimación bajo la Regla 10.2* instada por la parte peticionaria que amerite ejercer nuestra función revisora.

Ello, nos hace concluir que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra.*

### IV.

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones