Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| WANDA IVETTE ÁLVAREZ MONTERO<br><br>Apelados<br><br>V.<br><br>SANDRA JULISSA MIRANDA BERMÚDEZ; **CHOO CHOO TRAIN DAY CARE AND MORE**<br><br>Apelante | KLAN202400387 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Toa Alta<br><br>Caso Núm.: TA2021CV00041<br><br>Sobre: Desahucio y Cobro de Dinero |
|---|---|---|

Panel integrado por su presidente; el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 30 de mayo de 2024.

El 18 de abril de 2024, compareció ante este Tribunal de Apelaciones, Choo Choo Train Day Care & More, Inc. (en adelante, Choo Choo Train o parte apelante), mediante *Apelación*. En su recurso, la parte apelante nos solicita la revisión de la *Sentencia/Resolución sobre Reconvención* emitida el 12 de marzo de 2024 y notificada el 18 de marzo de 2024, por el Tribunal de Primera Instancia, Sala Superior de Toa Alta. Mediante el aludido dictamen, el foro *a quo*, desestimó la reconvención en su totalidad.

Adelantamos que, por los fundamentos que a continuación expondremos, se confirma la *Sentencia* apelada.

**I**

Hacemos constar que, el trámite fáctico y procesal del caso fue plasmado en las sentencias emitidas por este mismo Panel, el 22 de febrero de 2022 y 29 de noviembre de 2023 respectivamente, en los recursos con identificación alfanumérica KLAN202101048 y

Número Identificador

SEN2024 _____

KLAN202300938. En vista de ello, nos limitaremos a esbozar el trámite pertinente a la controversia que aquí nos ocupa.

Ahora bien, a los fines de ejercer nuestra función revisora, es menester que repasemos brevemente, los eventos procesales relevantes para dilucidar la controversia que se encuentra en esta ocasión ante nuestra consideración.

En atención a una *Demanda de Desahucio* y *Cobro de Dinero* interpuesta por la señora Wanda L. Álvarez Montero (en adelante, parte apelada o señora Álvarez Montero), el 13 de diciembre de 2021, y notificada el 14 de diciembre de 2021, el foro *a quo* declaró *Ha Lugar* la petición de desahucio de la parte apelada. Determinó que, Choo Choo Train adeudaba a la señora Álvarez Montero la cantidad de $27,000.00, más el 15% de penalidad de $4,050.00, para un total de $31,050.00. Además, ordenó el pago de gastos, costas y $5,000.00 en honorarios de abogado por temeridad. Por último, señaló que, la parte apelada había desistido de la causa de acción respecto a la señora Miranda Bermúdez, en su carácter personal.

En su dictamen, el foro primario consignó lo siguiente:

**Se le ordena a la parte demandada consignar en este tribunal la cantidad de** $31,050.00 en 15 días y subsiguientes meses mientras ocupe la propiedad o sea desahuciada, para la continuación del pleito. *De no consignarse se desestimará la reconvención.* (Énfasis suplido).

Mediante un recurso apelativo distinto al que nos ocupa[1], el 21 de diciembre de 2021, compareció ante este Tribunal de Apelaciones, Choo Choo Train y nos solicitó que revocáramos la *Sentencia* dictada por el Tribunal de Primera Instancia antes mencionada.

Luego de los trámites de rigor, el 22 de febrero de 2022, emitimos *Sentencia,* en la cual modificamos la *Sentencia* emitida el 13 de diciembre de 2021 y notificada el 14 de diciembre de 2021, a

---

[1] Recurso con identificación alfanumérica KLAN202101048.

los únicos fines de reducir la cuantía impuesta por concepto de honorarios de abogado a $1,500.00 y así modificada, confirmamos la determinación apelada emitida por la primera instancia judicial.

El 12 de octubre de 2023 y notificada el 13 de octubre de 2023, el foro *a quo* dictó *Sentencia Nunc Pro Tunc,* a los fines de corregir un error clerical. En la misma reiteró la determinación que declaró Ha Lugar la acción de desahucio y cobro de dinero. Dicho dictamen fue confirmado por este foro revisor, el 29 de noviembre de 2023 en el recurso con identificación alfanumérica KLAN202300938.

En vista de lo anterior, solo quedó pendiente de adjudicación ante el foro primario la *Reconvención* interpuesta por la parte apelante. Claro está, sujeto al cumplimiento de la parte apelante con la consignación de la suma adeudada, según establecida por el foro primario mediante sentencia.

Luego de un tracto procesal prolongado[2], surge del expediente ante nuestra consideración, que el **12 de marzo de 2024,** notificada el **18 de marzo de 2024**, el Tribunal de Primera Instancia, emitió *Sentencia/Resolución sobre Reconvención* mediante la cual dispuso lo siguiente:

> El Tribunal dictó sentencia el 13 de diciembre de 2021 y mediante sentencia Nunc Pro Tunc enmendó sentencia a los únicos fines de corregir error secretarial sobre la sustitución de parte demandante por parte demandada esto sin que haya duda de que quien debía los cánones de arrendamiento es la parte arrendataria SANDRA JULISSA MIRANDA BERMÚDEZ; CHOO CHOO TRAIN DAY CARE AND MORE.
>
> Luego de leído detenidamente el expediente, así como sus minutas y la resolución del 19 de octubre de 2023, donde se realizan argumentos sobre la reconvención; el Tribunal realizó expresión clara de la posible desestimación de no consignarse la cantidad establecida en la sentencia de $31,050.00.

---

[2] Es meritorio destacar que, la parte apelante omitió incluir con el apéndice, documentos pertinentes y necesarios para adentrarnos a la controversia que se nos plantea, en craso incumplimiento con la Regla 16 (E) del Reglamento de este Tribunal, 4 LPRA, Ap. V, R. 16 (E).

> **Pasados en exceso el tiempo otorgado por el Tribunal y siendo una sentencia de 13 de diciembre de 2021, este Tribunal está en posición de dictar sentencia de desestimación de la reconvención en su totalidad.**
>
> **Se desestima reconvención.**
> *(Énfasis suplido).*

Inconforme con la determinación del foro primario, Choo Choo Train presentó el 29 de marzo de 2024, *Moción al Amparo de las Reglas 42.2 y 43.2 de Procedimiento Civil, Moción de Reconsideración de Sentencia/Resolución sobre Desestimación Reconvención*, la cual el Tribunal de Primera Instancia declaró No Ha Lugar el 1 de abril de 2024.

Insatisfecha, la parte apelante acude ante nos y le imputa al foro apelado la comisión de los siguientes errores:

> PRIMER ERROR: Incidió el Tribunal de Primera Instancia al desestimar la Reconvención incoada en el presente caso en violación a las Reglas de Procedimiento Civil vigentes, así como al derecho constitucional que tiene todo ciudadano al Debido Procedimiento de Ley.
>
> SEGUNDO ERROR: Incidió el Tribunal de Primera Instancia al negarse a exponer las determinaciones de hechos, así como las conclusiones de derecho en las que sostiene su determinación de desestimar la reconvención en el presente caso.

El 20 de mayo de 2024, la parte apelada compareció ante este Tribunal mediante *Alegato de la Parte Recurrida.* Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el recurso de apelación.

## II

### A. Regla 39.2 (a) de Procedimiento Civil

La Regla 39.2 (a) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2 (a), contempla la figura de la desestimación en distintas modalidades. Entre ellas, reconoce la facultad y discreción que posee el tribunal para desestimar una reclamación, como medida de sanción, por haber una parte haber incumplido con sus órdenes o por haberse infringido el cuerpo de reglas procesales. *VS PR, LLC v.*

*Drift-Wind, Inc. y ORC Miramar Corporation,* 207 DPR 253, 265-266 (2021).[3]

Ciertamente, la doctrina imperante en torno a la precitada regla establece una serie de medidas previas a la imposición de la sanción drástica de la desestimación[4]. Ahora bien, las mismas son aplicables cuando el incumplimiento es de parte de la representación legal y no de la parte *per se*. Sobre este particular, la Alta Curia señaló que:

> De igual manera, no podemos obviar que el propósito legislativo fue precisamente incorporar los pronunciamientos jurisprudenciales que favorecen que la parte propiamente conozca el incumplimiento de su representante legal. En ese sentido, tanto en *Maldonado v. Srio. de Rec. Naturales,* [113 DPR 494 (1982)] como en *Mun. de Arecibo v. Almac. Yakima,* [154 DPR 217 (2001)] *se exige que, previo a implantar una sanción tan drástica como la eliminación de las alegaciones, se le notifique directamente a la parte del proceder de su causa de acción.* En estos precedentes, este Tribunal no limitó tal remedio a alguna parte en específico. Al contrario, el énfasis ha sido dirigido a salvaguardar el derecho de la parte litigante a que su caso se dilucide en sus méritos. Lo anterior, en reconocimiento de que en la mayoría de los casos las partes no están al tanto de los pormenores procesales de su causa de acción.

Nuestro más Alto Foro declaró que: "la tendencia jurisprudencial ha sido la de imponer sanciones económicas, en primera instancia, *contra aquella parte que observa una conducta censurable bajo nuestro ordenamiento civil procesal.*

Sobre este particular, nuestra última instancia judicial en *HRS Erase, Inc. v. CMT*, supra, págs. 705-708, señaló lo siguiente:

---

[3] El texto reglamentario delimita la facultad del tribunal de imponer una sanción desestimatoria señalando que esta no debe utilizarse livianamente y exige un apercibimiento previo directamente a la parte desfavorecida. *HRS Erase, Inc. v. CMT*, 205 DPR 689, 705-708 (2020).

[4] La regla dispone que cuando se trate del primer incumplimiento procesal de una parte, el tribunal no deberá imponer como sanción la desestimación o la eliminación de las alegaciones, sino que deberá apercibir al abogado de la parte de la situación y concederle una oportunidad para responder. De no responder a tal apercibimiento, entonces el tribunal procederá a imponerle sanciones económicas al abogado de la parte y se notificará directamente a la parte sobre la situación. Sólo luego de que la parte haya sido apercibida de la situación y de las consecuencias, procederá la sanción de la desestimación o la eliminación de las alegaciones. *Maldonado v. Soltero,* 113 DPR 494 (1982). Ello es cónsono con la política judicial de que los casos se ventilen en sus méritos para evitar así que se prive al litigante de su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115 (1992).

Una vez se aprobaron las Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V, la Regla 39.2(a) no sufrió cambios significativos.[5] Al mantener el contenido esencial de la precitada regla, no se limita la aplicación de su segundo párrafo a alguna parte en particular. Al contrario, el tribunal estará obligado a notificar directamente a la parte **sobre el incumplimiento de su representación legal**, indistintamente de qué parte se trate, sea demandante o demandada. Luego de apercibir a la parte propiamente en torno a las consecuencias de un repetido incumplimiento, podrá imponer las sanciones antes discutidas.

### B. Deferencia al Tribunal de Primera Instancia

Nuestro Máximo Foro ha reiterado que, los tribunales apelativos no debemos intervenir con las determinaciones ni las adjudicaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto. *Pueblo v. Hernández Doble*, 210 DPR 850 (2022); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194 (2021); *Santiago Montañez v. Fresenius Medical*, 195 DPR 476, 490 (2016); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 753 (2013); *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *SLG Rivera Carrasquillo v. AAA*, 177 DPR 341 (2009).

Como sabemos, "[l]a tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Sin embargo, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad."

---

[5] Actualmente, la Regla 39.2 (a) de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone lo siguiente:

(a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

*SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Véase, además, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020); *Umpierre Matos v. Juelle Abello*, 203 DPR 254, 275 (2019), citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). Es por lo que, nuestra más Alta Curia ha definido la *discreción* como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Pueblo v. Rivera Montalvo*, supra, citando a *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435, citando a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna." *Citibank et al. v. ACBI et al.*, supra, citando a *SLG Zapata-Rivera v. J.F. Montalvo*, supra; *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977). Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho." *SLG Zapata-Rivera v. J.F. Montalvo*, supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997); *Hietel v. PRTC*, supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

En el caso ante nuestra consideración, la parte apelante nos solicita que revisemos la *Sentencia/Resolución sobre Reconvención* emitida el 12 de marzo de 2024 y notificada el 18 de marzo de 2024 por el foro primario. A juicio de la parte apelante, el foro primario

incidió al: 1) desestimar la *Reconvención* incoada en el presente caso en violación a las Reglas de Procedimiento Civil vigentes, así como al derecho constitucional que tiene todo ciudadano al Debido Procedimiento de Ley y, 2) al negarse a exponer las determinaciones de hechos, así como las conclusiones de derecho en las que sostiene su determinación de desestimar la reconvención en el presente caso.

A pesar de que, como mencionamos, la parte apelante omitió incluir como anejos de su recurso, sendos escritos, mociones y documentos, lo cual de por sí, podría conllevar la desestimación del recurso, procederemos a atender los planteamientos de la parte apelante.

Recordemos que, conforme surge del tracto procesal previamente reseñado del caso, en atención a una *Demanda de Desahucio y Cobro de Dinero* interpuesta por la señora Álvarez Montero; el 13 de diciembre de 2021, y notificada el 14 de diciembre de 2021, el foro *a quo* declaró *Ha Lugar* la aludida *Demanda*. Determinó que, Choo Choo Train adeudaba a la señora Álvarez Montero la cantidad de $27,000.00, más el 15% de penalidad de $4,050.00, para un total de $31,050.00. Además, ordenó el pago de gastos, costas y $5,000.00 en honorarios de abogado por temeridad. Señaló que, la parte apelada había desistido de la causa de acción respecto a la señora Miranda Bermúdez, en su carácter personal.

Por último, en su dictamen, el foro primario consignó lo siguiente:

> **Se le ordena a la parte demandada consignar en este tribunal la cantidad de** $31,050.00 en 15 días y subsiguientes meses mientras ocupe la propiedad o sea desahuciada, para la continuación del pleito. *De no consignarse se desestimará la reconvención.* (Énfasis suplido).

Mediante un recurso apelativo distinto al que nos ocupa[6], el 21 de diciembre de 2021, compareció ante este Tribunal de

---

[6] Recurso con identificación alfanumérica KLAN202101048.

Apelaciones, Choo Choo Train y nos solicitó que revocáramos la *Sentencia* dictada por el Tribunal de Primera Instancia antes mencionada. Mediante nuestra *Sentencia* del 22 de febrero de 2022, modificamos la cuantía por concepto de honorarios y así modificada, confirmamos la *Sentencia* del foro primario del 13 de diciembre de 2021. La parte apelante recurrió en *certiorari* ante el Tribunal Supremo y fue declarado No Ha Lugar.

Con posterioridad, acaecidas diversas incidencias procesales innecesarias pormenorizar, el 31 de enero de 2023, notificada en igual fecha, la primera instancia judicial le emitió una *orden de mostrar causa* a la parte apelante, por la cual dicha parte debía ser sancionada de conformidad con la Regla 39.2 (a)[7]. Lo anterior, por no haber cumplido con lo ordenado por el Tribunal y no haber consignado la suma de $31,050.00 en 15 días y meses subsiguientes mientras ocupara la propiedad o fuera desahuciada. En repuesta, en febrero de 2023, la parte apelante interpuso *Moción en Cumplimiento de Orden.*[8]

El 24 de febrero de 2023, notificada en igual fecha, el foro primario emitió otra orden en la cual dispuso lo siguiente:

> Conforme a la Regla 39.2(a) de Procedimiento Civil, el término que se le da al abogado bajo esta Regla es discrecional del Tribunal, pues dice la citada regla en lo pertinente, "se le haya concedido oportunidad para responder", justo lo que se hizo en nuestra orden, oportunidad para responder.

Subsiguientemente, el 5 de julio de 2023, la parte apelada interpuso *Moción de Desestimación de la Reconvención y para Entrega de Dinero Depositado en Fianza a la Parte Demandante.* En atención a la referida solicitud, el 15 de agosto de 2023 el foro *a quo* celebró una vista argumentativa, respecto a la cual emitió una Minuta.

---

[7] 32 LPRA, Ap. V, R. 39.2 (a).
[8] Dicha moción no fue anejada al recurso de la parte apelante.

Transcurridos casi dos meses de la celebración de la vista, el 5 de octubre de 2023, la parte apelante incoó una *Moción Solicitando Aclaración a la Minuta/Resolución* y varios días después, presentó una *Moción de Reconsideración*, la cual fue denegada por el foro primario.

El 12 de octubre de 2023, notificada el 13 de octubre de 2023, el Tribunal de Primera Instancia emitió la *Sentencia Nunc Pro Tunc* para corregir un error clerical.  En la misma dispuso como sigue:

> ***Este tribunal declara que se le adeuda a la parte demandante*** *la cantidad de $27,000.00 más el 25% de penalidad $4,050.00 para un total de $31,050.00.*
>
> ***Se le ordena además al pago de gastos, costas y $5,000.00 en honorarios de abogados, por temeridad.***
>
> ***Se le ordena a la parte demandada consignar en este tribunal la cantidad de*** *$31,050.00 en 15 días y subsiguientes meses mientras ocupe la propiedad o sea desahuciada, para la continuación del pleito.* ***De no consignarse se desestimará la reconvención.***

(Énfasis añadido).

Dicho dictamen fue confirmado por este foro revisor, el 29 de noviembre de 2023 en el recurso identificado KLAN202300938.

Tal y como esbozamos previamente, el 12 de marzo de 2024 notificada el 18 de marzo de 2024, el Tribunal de Primera Instancia, emitió la *Sentencia/Resolución sobre Reconvención* apelada mediante la cual dispuso lo siguiente:

> El Tribunal dictó sentencia el 13 de diciembre de 2021 y mediante sentencia Nunc Pro Tunc enmendó sentencia a los únicos fines de corregir error secretarial sobre la sustitución de parte demandante por parte demandada esto sin que haya duda de que quien debía los cánones de arrendamiento es la parte arrendataria SANDRA JULISSA MIRANDA BERMÚDEZ; CHOO CHOO TRAIN DAY CARE AND MORE.
>
> Luego de leído detenidamente el expediente, así como sus minutas y la resolución del 19 de octubre de 2023, donde se realizan argumentos sobre la reconvención; el Tribunal realizó expresión clara de la posible desestimación de no consignarse la cantidad establecida en la sentencia de $31,050.00.

> Pasados en exceso el tiempo otorgado por el Tribunal y siendo una sentencia de 13 de diciembre de 2021, este Tribunal está en posición de dictar sentencia de desestimación de la reconvención en su totalidad.

> Se desestima reconvención.

Luego de una revisión ponderada y desapasionada del tracto procesal del caso que nos ocupa, nos resulta forzoso confirmar el dictamen apelado. Es evidente que la parte apelante ha hecho caso omiso a las determinaciones del foro revisor dirigidos a que esta consigne la suma adeudada a la parte apelada. Se desprende con meridiana claridad que, desde la *Sentencia* del **13 de diciembre de 2021, y notificada el 14 de diciembre de 2021**, según enmendada *Nunc Pro Tunc* y confirmada por este foro revisor, se declaró *Ha Lugar* la petición de desahucio de la parte apelada, y se le condenó a la parte apelante al pago de las sumas adeudadas a la parte apelada y se le advirtió que, el incumplimiento con lo ordenado por el foro primario –y repetimos, confirmado por los foros apelativos– daría lugar a la desestimación de la *Reconvención*.

No le asiste la razón a la parte apelante cuando arguye que, el dictamen apelado fue emitido en contravención a nuestro ordenamiento procesal. Ciertamente, la doctrina imperante en torno a la precitada Regla 39.2 (a) de Procedimiento Civil, establece una serie de medidas previas a la imposición de la sanción drástica de la desestimación[9]. Ahora bien, no podemos perder de perspectiva que, las mismas son aplicables cuando el incumplimiento es de parte de la representación legal y no de la parte *per se,* tal como es

---

[9] La regla dispone que cuando se trate del primer incumplimiento procesal de una parte, el tribunal no deberá imponer como sanción la desestimación o la eliminación de las alegaciones, sino que deberá apercibir al abogado de la parte de la situación y concederle una oportunidad para responder. De no responder a tal apercibimiento, entonces el tribunal procederá a imponerle sanciones económicas al abogado de la parte y se notificará directamente a la parte sobre la situación. Sólo luego de que la parte haya sido apercibida de la situación y de las consecuencias, procederá la sanción de la desestimación o la eliminación de las alegaciones. *Maldonado v. Soltero*, 113 DPR 494 (1982). Ello es cónsono con la política judicial de que los casos se ventilen en sus méritos para evitar así que se prive al litigante de su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115 (1992).

en este caso. Como hemos señalado, no estamos ante un mero incumplimiento procesal de la representación legal del cual la parte apelante esté ajena. Por el contrario, estamos ante un caso en que es la propia parte apelante, quien ha desacato por completo la *Sentencia* dictada en su contra. Ello, a pesar de que, a esta fecha, han transcurrido tres años y medio desde que el foro *a quo* emitió su dictamen, con el claro apercibimiento que el incumplimiento conllevaría la desestimación de la reconvención. Razonamos que, la parte apelante solamente ha dilatado los procedimientos como subterfugio para su incumplimiento craso.

Por último, del dictamen apelado se desprende claramente que los fundamentos en los que el Juzgador de Instancia ancla su determinación de desestimar la reconvención, consisten en el reiterado incumplimiento de la parte apelante con lo ordenado por el Tribunal, al esta negarse consignar las sumas establecidas en el término dispuesto mediante *Sentencia* y hacer caso omiso a las órdenes emitidas.

En vista de lo anterior, actuó correctamente el foro apelado al desestimar la Reconvención, por lo que colegimos que no se cometieron los errores señalados.

**IV**

De conformidad a los fundamentos expuestos, se confirma la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones