| ESTADO LIBRE ASOCIADO DE PUERTO RICO TRIBUNAL DE APELACIONES PANEL VII | | |
|---|---|---|
| RAFAEL VELÁZQUEZ SANTIAGO<br><br>Apelante<br><br>v.<br><br>NELSON RODRÍGUEZ BONILLA; FERNANDO LUIS RODRÍGUEZ SANTIAGO<br><br>Apelados | KLAN202500069 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Coamo<br><br>Caso Número: CO2024CV00097<br><br>Sobre: Incumplimiento Contractual, Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 12 de marzo de 2025.

Rafael Velázquez Santiago nos solicita que revisemos la sentencia que emitió el Tribunal de Primera Instancia, Sala de Coamo (Tribunal), el 10 de diciembre de 2024, notificada el 13 de diciembre del mismo año. Mediante ésta, el foro primario desestimó sin perjuicio la demanda incoada por Velázquez Santiago contra el codemandado Nelson Rodríguez Bonilla.

Por las razones que exponemos, *Revocamos* la Sentencia apelada.

## I.

El 6 de marzo de 2024, Rafael Velázquez Santiago (apelante o Velázquez Santiago) instó una Demanda contra Nelson Rodríguez Bonilla y Fernando Rodríguez sobre incumplimiento de contratos y daños y perjuicios. El 21 de marzo de 2024 el

demandante Velázquez Santiago le informó al Tribunal que el 17 de marzo de 2024 emplazó a los demandados.[1]

Ese mismo día, 21 de marzo de 2024, el demandante acudió a una vista sobre remedios provisionales, en la cual declaró y presentó prueba.[2] Consecuente a la vista, obtuvo una Orden para la prohibición de enajenar ciertos bienes muebles del codemandado, al amparo de la Regla 56.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.1, y del negocio La Taberna Restaurant. Esta orden fue enmendada el 11 de abril de 2024, a los fines de imponerle a la parte demandante el pago de una fianza de $1,000.00 en el término de treinta (30) días, a tenor con la Regla 56.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.3.

El 19 de abril de 2024 el codemandado Fernando Luis Rodríguez Santiago presentó una *Moción solicitando paralización de los procedimientos*, por haberse acogido a la protección que concede la Ley Federal de Quiebras. En respuesta, el 22 de abril de 2024, el Tribunal dictó una *Sentencia Parcial* para ordenar el archivo, sin perjuicio, en cuanto al codemandado Fernando Luis Rodríguez Santiago.[3]

Así las cosas, el 28 de abril de 2024, Velázquez Santiago presentó un *Escrito al Expediente Judicial en Solicitud de Anotación de Rebeldía* para el codemandado Nelson Rodríguez Bonilla, quien fue emplazado el 17 de marzo de 2024. El 29 de abril de 2024 el Tribunal le anotó la rebeldía a Nelson Rodríguez Bonilla.

El 15 de mayo de 2024, el Tribunal le ordenó al demandante a cumplir con la orden de 11 de abril de 2024, relacionada al pago

---

[1] Examinado en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B, entrada 7.

[2] SUMAC, entrada 9.

[3] SUMAC, entrada 15.

la fianza de $1,000.00 en diez (10) días, so pena de sanción. En respuesta, el 16 de mayo de 2024, el demandante Velázquez Santiago presentó una *Moción Informativa y Solicitud de Corrección de Orden al Amparo de la Regla 49.1 de Procedimiento Civil*. En esta, le solicitó al tribunal que le dispensara del cumplimiento del pago de la fianza, en virtud de la orden de paralización dictada por la Corte de Quiebras Federal para el Distrito de Puerto Rico.[4] Mediante orden emitida el 17 de mayo de 2024, el Tribunal declaró *Ha Lugar* la petición del demandante.[5]

El **8 de agosto de 2024**, el Tribunal le ordenó al demandante a cumplir con la orden notificada el 25 de marzo de 2024 para coordinar con la secretaría del tribunal el desglose de la prueba documental presentada en la vista del 21 de marzo de 2024. Le concedió diez (10) días para esa gestión, so pena de sanciones.[6] En respuesta a la orden, el **11 de agosto de 2024**, Velázquez Santiago presentó una Moción Informativa. Allí le expresó al Tribunal que el 12 de agosto de ese año, coordinaría con la secretaría el recogido de los documentos.[7] El 19 de agosto de 2024, el Tribunal emitió una Orden, en la que dispuso "enterada".[8] Sobre ese asunto, el 20 de agosto de 2024, la Secretaria de Servicios a Sala emitió una *Certificación* de los documentos entregados al abogado del demandante.[9]

**Tres** (3) meses después, el 19 de noviembre de 2024, notificada el siguiente 25 de noviembre de ese año, el Tribunal emitió la siguiente orden:

> Surge del presente caso que no se ha efectuado trámite alguno por las partes hace más de seis (6) meses. La última moción sustantiva fue presentada el

---

[4] SUMAC, entrada 19.
[5] SUMAC, entrada 20.
[6] SUMAC, entrada 21.
[7] SUMAC, entrada 22.
[8] SUMAC, entrada 23.
[9] SUMAC, entrada 24.

16 de mayo de 2024. Conforme las disposiciones de la Regla 39.2 (b) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, el tribunal ordena a las partes para que, en 20 días contados a partir de la fecha de la notificación de esta orden, expongan por escrito las razones por las cuales no deba desestimarse este caso y ordenarse el archivo. Se ordena notificar a la parte demandante directamente para que quede apercibida de las consecuencias que conlleva la falta de cumplimiento.

El 9 de diciembre de 2024 el demandante presentó un *Escrito al Expediente Judicial en Cumplimiento de Orden.* Explicó que ambos codemandados no están activos en la litigación, por lo que, el proceso carece de una etapa de descubrimiento de prueba. Expresó, además, que contrató un perito que estaba en proceso de redactar un informe pericial para sustentar sus alegaciones de daños económicos.

El 13 de diciembre de 2024 el Tribunal dictó *Sentencia de Archivo por Desestimación* a tenor con la Regla 39.2 (b) de Procedimiento Civil, 32 LPRA Ap. V. Mediante esta, el Tribunal desestimó sin perjuicio el caso, sin la imposición de costas, gastos u honorarios de abogado. Fundamentó su decisión en que las razones expresadas por la parte demandante no justificaron la inacción judicial en el caso por más de seis (6) meses. Resaltó que no es una excusa válida justificar la inacción porque los demandados no están activos actualmente en la litigación. Indicó que en cuanto al codemandado Nelson Rodríguez Bonilla, a quien se le anotó la rebeldía, correspondía a la parte demandante, ser proactivo y seguir con su caso, lo que no hizo.

En desacuerdo, el 23 de diciembre de 2024, Velázquez Santiago interpuso una *Moción de Reconsideración*. Alegó que no hubo inactividad procesal injustificada y que se han realizado esfuerzos significativos para avanzar el caso dentro de las limitaciones y circunstancias enfrentadas. En particular, mencionó

que se realizaron gestiones legales ante el Tribunal de Quiebras respecto al codemandado Fernando Luis Rodríguez Santiago para proteger los derechos de la parte demandante, en particular, que el 8 de mayo de 2024 se radicó el *Proof of Claim*.   En cuanto al otro codemandado, Fernando Luis Rodríguez Santiago, expresó que el 12 de septiembre de 2024, presentó querellas en la División del CIC de la Policía de Puerto Rico, debido a la extracción y venta de todos los equipos del restaurante "La Taberna", lo que constituía una acción que afectaba directamente la reclamación principal en este caso.  Reafirmó que, durante ese período, estuvo en proceso de localizar y contratar un perito calificado para sustentar las reclamaciones de daños, lo cual representaba una actividad procesal significativa.

El 26 de diciembre de 2024, notificada el 2 de enero de 2025, el Tribunal denegó la moción de reconsideración porque no habían hechos concretos que justificaran la inactividad del caso por más de seis (6) meses.[10]

Aun insatisfecho, el 12 de noviembre de 2024, la parte apelante compareció ante nos mediante el presente recurso de apelación, en el que formuló el siguiente señalamiento:

> Erró el Tribunal de Primera Instancia al abusar de su discreción y emitir sentencia de archivo por desestimación.

La parte apelada, Rodríguez Bonilla, presentó su posición al recurso.  Con el beneficio de los escritos, disponemos.

## II.

### A.

La Regla 1 de Procedimiento Civil, promulga que estas reglas se interpretarán de modo que faciliten el acceso a los

---

[10] Apéndice, pág. 35.

tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento. 34 LPRA Ap. V. En armonía a ello, las partes tienen el deber de ser diligentes y proactivos al realizar los trámites procesales. Sánchez Rodríguez v. Adm. De Corrección, 177 DPR 714, 719 (2009). Por consiguiente, el tribunal tiene la potestad para sancionar de diversas formas a las partes litigantes que dilatan innecesariamente los procesos. Íd., pág. 120.

A tenor con lo anterior, la Regla 39.2(b) de Procedimiento Civil, 32 LPRA Ap. V., R. 39.2(b), le permite al Tribunal desestimar un pleito por la dejadez o inacción de las partes respecto a sus casos. La citada Regla promulga que:

. . . . . . . .

(b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis (6) meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no se considerarán como un trámite a los fines de esta regla.

El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o la Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los asuntos.

La Regla la 39.2(b) sobre desestimación del pleito por inactividad, tiene el propósito de acelerar la litigación y despejar los calendarios, operando la primera en la temprana etapa del pleito. Sánchez Rodríguez v. Adm. De Corrección, *supra*, pág. 721; Banco Popular v. SLG Negrón, 164 DPR 855, 864 (2005); Banco Metropolitano v. Berríos, 110 DPR 721, 724 (1981).

Ahora bien, la desestimación de una reclamación es un pronunciamiento judicial que, cuando se entiende como una resolución del caso en los méritos, ha sido caracterizada como "la sanción máxima, la pena de muerte procesal, contra una parte". VSPR, LLC v. Drift-Wind, 207 DPR 253, 264 (2021), citando a R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 250.

Nuestro Máximo Foro ha establecido como norma general, que esta sanción es la más drástica que puede imponer el tribunal ante la dilación en el trámite de un caso, por lo que se debe recurrir a ella en casos extremos. Banco Popular v. S.L.G. Negrón, *supra*, pág. 864. Esta facultad se debe ejercer con mesura pues, "la desestimación priva al demandante de su día en corte para hacer valer las reclamaciones que válidamente tenga en contra de otros." VSPR, LLC v. Drift-Wind, *supra*. De modo que, al ponderar si procede imponer la sanción severa de la desestimación, los tribunales deben hacer un balance entre los intereses en pugna que incluyen, por un lado, la mencionada política judicial de atender los casos en sus méritos y, por el otro, procurar la rápida dilucidación de las controversias. VSPR, LLC v. Drift-Wind, *supra.*

Por tal razón, en el contexto de la Regla 39.2 (b) de Procedimiento Civil, *supra*, la desestimación de un caso como sanción, debe prevalecer únicamente en situaciones extremas en las cuales haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés y "después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento." Mun. de Arecibo v. Almac. Yakima, 154 DPR 217, 222-223 (2001). Así

pues, planteada una situación que amerita sanciones, el tribunal debe, en primera instancia, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no surte efectos positivos, procederá la imposición severa de la desestimación de la demanda o eliminación de las alegaciones únicamente después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida. Mun. de Arecibo v. Almac. Yakima, *supra*; Maldonado v. Srio. de Rec. Naturales, 113 DPR 494, 498 (1982).

Una vez las partes expongan las razones por las cuales no se deba desestimar el caso, el tribunal debe balancear los intereses involucrados: "de un lado, la necesidad del tribunal de supervisar su calendario, el interés público en la resolución expedita de los casos y más importante aún el riesgo de perjuicio al demandado por la dilación; por lo que, de no demostrarse perjuicio verdadero con la dilación es irrazonable ordenar el archivo. Echevarría Jiménez v. Sucn. Pérez Meri, 123 DPR 664, 674-675 (1989).

## III.

El foro primario desestimó la demanda, sin perjuicio, por inactividad del caso desde el 16 de mayo de 2024, a tenor con la Regla 39.2 (b) de Procedimiento Civil, *supra*.

Contra esa sentencia, el apelante aduce que el Tribunal le impuso una sanción severa que debe ser utilizada como último recurso en circunstancias excepcionales. Señaló que en el periodo de los seis (6) meses, presentó mociones informativas y realizó gestiones extrajudiciales relacionadas a los hechos del caso.[11] Esbozó que justificó los trámites extrajudiciales relacionados al

---

[11] Apelación, pág. 5.

caso, al anunciar que estaba preparando un informe pericial de sus daños. Aseveró que las gestiones realizadas fueron suplementadas en la Moción de Reconsideración que presentó el 23 de diciembre de 2024. Resaltó también, que el Tribunal le impuso la severa sanción de la desestimación, sin agotar todas las alternativas menos onerosas, entre ellas, la imposición de sanciones.

El apelado Nelson Rodríguez Bonilla, por su parte arguyó que el hecho de que esté en rebeldía no era óbice para no haber comenzado el descubrimiento de pruebas o cualquier otro remedio sustantivo procedente en derecho. Concluyó que la determinación del Tribunal de desestimar la acción fue conforme a derecho.

Evaluamos. La Regla 39.2 (b) de Procedimiento Civil, *supra*, le confiere autoridad al tribunal para archivar los asuntos civiles litigiosos que hayan estado **inactivos** por los últimos seis (6) meses. El propósito de esta regla es acelerar la litigación y despejar los calendarios, operando la primera en la temprana etapa del pleito.[12] Es norma reiterada que la desestimación de una acción es la sanción máxima contra una parte. Así que, esta debe prevalecer únicamente en situaciones extremas en las cuales haya quedado demostrado, de manera clara e inequívoca, la desatención y el abandono total de la parte con interés.[13]

Un cuidadoso examen del expediente de apelación y del sistema electrónico de SUMAC nos mueve invalidar la determinación del foro primario.

El trámite ante el foro primario refleja que el demandante presentó la acción el 6 de marzo de 2024 y el 17 de marzo de

---

[12] Sánchez Rodríguez v. Adm. De Corrección, *supra*.
[13] Ver VSPR, LLC v. Drift-Wind, *supra*; Mun. de Arecibo v. Almac. Yakima, *supra*.

2024 emplazó a los demandados. El 21 de marzo de 2024 acudió a una audiencia para presentar prueba a los fines de obtener un remedio provisional de prohibición de enajenar. A petición del demandante, el 29 de abril de 2024, el Tribunal le anotó la rebeldía al codemandado Nelson Rodríguez Bonilla.

Luego, el 8 de agosto de 2024, el Tribunal le ordenó al demandante a coordinar con la secretaría del tribunal el desglose de la prueba que se presentó en la vista del 21 de marzo de 2024. Le concedió diez (10) días para esa gestión. En atención a la referida orden, el 11 de agosto de 2024, **dos (2) días** después de la orden, Velázquez Santiago presentó una Moción Informativa. Sobre ese asunto, el 20 de agosto de 2024, la Secretaria de Servicios a Sala emitió una *Certificación* de los documentos entregados al abogado del demandante. **Tres (3) meses** después de esta gestión, el 19 de noviembre de 2024, el Tribunal de Instancia emitió la orden para que el demandante respondiera a la alegada inactividad del caso en los últimos seis (6) meses, a tenor con la Regla 39.2 (b) de Procedimiento Civil.

De los hechos aquí reseñados, surge que, durante la trayectoria del caso, el demandante-apelante se mantuvo activo en el caso y respondió oportunamente a todos los requerimientos del Tribunal. A su vez, el expediente refleja que el demandante se preocupó por poner en marcha el pleito, cuando le expresó al Tribunal que realizó gestiones extrajudiciales relacionadas a la contratación de un perito en daños, quien estaba en proceso de redactar un informe. Así que, el expediente carece de hechos que reflejen, de manera clara e inequívoca, que el demandante incurriera en alguna situación extrema de desatención y abandono total de la reclamación, que justifique la desestimación que se le impuso.

Por otro lado, notamos que, en noviembre de 2024, cuando el Tribunal emitió la orden sobre la inactividad del caso solamente habían transcurrido tres (3) meses, desde la última *Moción Informativa* del demandante. Así que, a esa fecha, no había transcurrido el periodo reglamentario de inactividad de la causa.

De otro lado, el Tribunal no agotó otras medidas, menos severas, como preludio a la desestimación. Más aun, en un pleito en el que tampoco se demostró que el codemandado, quien estaba en rebeldía, sufriera algún perjuicio por la presunta inactividad. Por lo anterior, no procedía que el foro primario despojara al demandante de su día en corte mediante la severa sanción de la desestimación.

Por los fundamentos que anteceden, se revoca la Sentencia apelada. Se devuelve el caso al tribunal de origen para la continuación de los procedimientos.

**IV.**

Por los fundamentos que anteceden, se Revoca la sentencia apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones