TRIBUNAL DE APELACIONES
PANEL IV

| NICE FOODS CORP. H/N/C CHIDOS MEXICAN RESTAURANT, ET AL. Parte Apelante v. ESTADO LIBRE ASOCIADO DE PUERTO RICO ET AL. Parte Apelada | TA2025AP00456 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina Caso Núm.: SJ2025CV07138(406) Sobre: Remedios Interdictales y Sentencia Declaratoria |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

**Ortiz Flores, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 25 de noviembre de 2025.

Comparecen ante nosotros Nice Foods Corp. DBA Chidos Mexican Restaurant (Restaurante Chidos); Brandon Alexander Carrasco Santiago (Sr. Carrasco Santiago); Samuel Jesús González Perez (Sr. González Perez) (en conjunto, parte apelante) mediante el presente recurso de apelación y nos solicita que revisemos la *Sentencia*, emitida y notificada el 21 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante esta, el TPI declaró Ha Lugar la *Moción de Desestimación* presentada por el Municipio Autónomo de Carolina (MAC; parte apelada) y desestimó la *Demanda* presentada por la parte apelante.

Adelantamos que, por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

**I**

El 11 de agosto de 2025, Nice Foods Corp. DBA Chidos Mexican Restaurant (Restaurante Chidos); Brandon Alexander Carrasco Santiago (Sr. Carrasco Santiago); Samuel Jesús González Perez (Sr. González Perez) (en conjunto, parte apelante) instó una *Demanda* sobre entredicho provisional; interdicto preliminar y permanente; sentencia declaratoria; y

daños nominales contra el Municipio de Carolina (MAC; parte apelada); el Estado Libre Asociado de Puerto Rico (ELA); Mirta Andrades Ruiz, presidenta de la Asamblea Municipal; y Rubén Moyeno Cintrón, Comisionado de la Policía Municipal.[1] En síntesis, se alegó que la enmienda al Código de Orden Público del Municipio Autónomo de Carolina (Código de Orden Público) limita el horario de la venta de alcohol en el distrito turístico de Isla Verde. La parte apelante expone que el Código de Orden Público restringe los negocios de dicha zona al no permitirles vender bebidas alcohólicas posterior a la medianoche (12:00am) de domingo a jueves y una de la mañana (1:00am) los viernes y sábados. Señaló que la referida enmienda exenta los hoteles, farmacias, supermercados y gasolineras que ubican en el precinto turístico de Isla Verde de cumplir con la nueva norma. Adujo que dicha excepción, es una crasa violación a la igual protección de las leyes, toda vez que discrimina contra los dueños de pequeñas empresas. Ante ello, solicitó la paralización, suspensión y eliminación de la enmienda al Artículo 2.04 del Código de Orden Público por constituir una violación a sus derechos constitucionales. En específico, se reclama la violación a la dignidad del ser humano, así como: al derecho a no ser discriminado; a la libertad de expresión y asociación; al disfrute de la propiedad y no ser privado de ella; al debido proceso de ley; y, a la igual protección de las leyes. En consecuencia, solicitó que se declarara Ha Lugar la *Demanda* y se declarara inconstitucional la Ordenanza mediante la cual se enmendó el Código de Orden Público con la finalidad de limitar la venta de bebidas alcohólicas.

Luego de varios trámites procesales, el 20 de agosto de 2025, el MAC presentó una *Moción de Desestimación*.[2] Alegó, en esencia, que debido a la implantación de un nuevo Código de Orden Público en el Municipio de San Juan, a partir de noviembre de 2023, el cual limitó la venta de bebidas alcohólicas en la ciudad capital, Isla Verde se convirtió en el

[1] SUMAC, Entrada 1 en SJ2025CV07138.
[2] SUMAC, Entrada 26 en SJ2025CV07138.

único lugar sin regulación de horario de venta de bebidas alcohólicas del área metropolitana. Expresó que, lo anterior, provocó un aumento en la actividad comercial de venta de bebidas alcohólicas a altas horas de la madrugada, con comercios que operaban y vendían bebidas alcohólicas las veinticuatro (24) horas del día en la zona turística de Isla Verde que, además, es un área residencial. Explicó que, ello trajo consigo un aumento considerable en la criminalidad, el descontrol y el desorden en el sector de Isla Verde, causando molestias en los residentes y deteriorando su calidad de vida. Ante tales circunstancias, el 29 de julio de 2025, el MAC aprobó la Ordenanza promulgada para enmendar el Artículo 2.04 del Código de Orden Público. Ello con el propósito de eliminar la excepción de comercios ubicados en zona turística en cuanto a los horarios de operación y venta o expendio de bebidas alcohólicas y aumentar la multa administrativa por infracción a dicho artículo. En cuanto a la exclusión de hoteles, farmacias, gasolineras y supermercados de la prohibición, adujo que ello responde a una clasificación legal con base racional. Sostuvo que la aprobación de la Ordenanza constituye un ejercicio del poder de razón del estado ("police power") que le fue delegado al Municipio por la Asamblea Legislativa de Puerto Rico. Además, expresó que el Código Municipal de Puerto Rico (Código Municipal)[3] faculta a los municipios a aprobar reglamentación a través de los Códigos de Orden Público que limiten la venta de bebidas alcohólicas.

Por otra parte, adujo que, debido a que no procede que se utilice el mecanismo de interdicto para evitar una actuación autorizada por ley, procede la desestimación de la solicitud de esta. En consecuencia, señaló que la *Demanda* debe desestimarse por no exponer una reclamación que justifique la concesión de remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su reclamación. Ante ello, solicitó que

---

[3] Código Municipal de Puerto Rico, Ley 107-2020, 21 LPRA sec. 7001 *et seq.*

se desestimara la *Demanda* en su totalidad, con cualquier otro pronunciamiento que en derecho proceda.

Posteriormente, se celebró una vista inicial el 21 de agosto de 2025.[4] En esta, el TPI resolvió en corte abierta que **la *Demanda* no satisfizo los requisitos necesarios para expedir los remedios interdictales que se solicitan**. Además, expresó que tampoco se configuran los requisitos para emitir sentencia declaratoria a tales efectos. Dispuso que todos los asuntos y controversias que subyacen en las alegaciones presentadas en la *Demanda* son de naturaleza económica, por lo que existen remedios alternos en ley que no son los remedios interdictales, ni mucho menos la declaración de inconstitucionalidad de la Ordenanza en controversia. Cónsono con lo anterior, el 21 de agosto de 2025, notificada el mismo día, el TPI emitió una *Sentencia* mediante la cual declaró Ha Lugar la *Moción de Desestimación* presentada por el MAC y, en su consecuencia, desestimó la demanda del caso de epígrafe.[5] De otro lado, amparándose en la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2, el TPI entendió que no era necesario desglosar las determinaciones de hechos, por haber declarado totalmente Ha Lugar una moción presentada al amparo de la Regla 10.2 Procedimiento Civil.

Inconforme, el 19 de octubre de 2025, la parte apelante instó el recurso de epígrafe y señaló los siguientes señalamientos de error:

> **Primer error**: Erró el TPI al desestimar la Demanda de Entredicho Provisional, Injunction Preliminar y Permanente, y Sentencia Declaratoria, sin expresar fundamento alguno en derecho.
>
> **Segundo error**: Erró el TPI al desestimar la Demanda de Entredicho Provisional, Injunction Preliminar y Permanente y Sentencia Declaratoria, al no concluir que la enmienda al Código del MAC, la cual restringe el horario de expendio de bebidas alcohólicas a los comercios ubicados en la zona turística de Isla Verde, a los residentes que desean disfrutar de los servicios, y los comerciantes que proveen los servicios a los comercios que operan en dicho horario ahora restringido, es abiertamente discriminatoria a favor de

---

[4] SUMAC, Entrada 32 en SJ2025CV07138.
[5] SUMAC, Entrada 31 en SJ2025CV07138.

los intereses de los hoteles, farmacias y gasolineras en violación a la igual protección de las leyes.

**Tercer error**: Erró el TPI al desestimar la Demanda de Entredicho Provisional, Injunction Preliminar y Permanente, y Sentencia Declaratoria, al no concluir que la restricción al horario de expendio de bebidas alcohólicas de los comercios ubicados en la zona turística de Isla Verde no tiene base racional con los objetivos que pretende promover el MAC mediante el Código.

**Cuarto error**: Erró el TPI al desestimar la Demanda de Entredicho Provisional, Injunction Preliminar y Permanente, y Sentencia Declaratoria al no concluir que la restricción al horario de expedición de bebidas alcohólicas viola el debido proceso de ley de la co-[a]pelante Restaurante Chidos, la cual posee un permiso con licencia para bebidas alcohólicas sin restricción alguna.

Por otro lado, el 20 de octubre de 2025, el MAC presentó su *Alegato en Oposición a la Apelación*, por lo que, con el beneficio de la comparecencia de ambas partes, procedemos a exponer el derecho aplicable.

## II

### A

Nuestro ordenamiento jurídico promueve el interés de que todo litigante tenga su día en corte. Esta postura responde al principio fundamental y política judicial de que los casos se ventilen en sus méritos y se resuelvan de forma justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Banco Popular v. S.LG. Negrón*, 164 DPR 855, 874 (2005); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992); *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993). No obstante, nuestro ordenamiento permite la presentación de mociones dispositivas con el propósito de que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio en su fondo. Los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, ese proceder se debe ejercer juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498

(1982). Es decir, la desestimación de un pleito constituye el último recurso al cual se debe acudir. *S.L.G. Sierra v. Rodríguez,* 163 DPR 738 (2005).

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que formula la parte demandada antes de presentar su alegación responsiva, mediante la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería*, 167 DPR 625, 649 (2006). Dicho petitorio deberá basarse en uno de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2; *Díaz Vázquez y otros v. Colón Peña*, 214 DPR 1135 (2024); *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, 214 DPR 1109 (2024); *Rivera Candela y otra v. Universal Insurance Company*, 214 DPR 1007 (2024); *Blassino Alvarado y otro v. Reyes Blassino y otro*, 214 DPR 823 (2024); *Costas Elena y otros v. Magic Sport Culinary Corp*, 213 DPR 523 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065-1066 (2020).

Al resolver una moción de desestimación bajo el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra*, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro*, 2025 TSPR 1, resuelto el 7 de enero de 2025; *Díaz Vázquez y otros v. Colón Peña y otros*, *supra*; *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, *supra*; *Rivera Candela y otra v. Universal Insurance Company*, *supra*; *Blassino Alvarado y otro v. Reyes Blassino y otro*, *supra*; *Costas Elena y otros v. Magic Sport Culinary Corp*, *supra*; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70 (2023); *Casillas Carrasquillo v. ELA*, 209 DPR

240 (2022); *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267 (2021). Asimismo, tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante. Id.; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, págs. 428-429; *Dorante v. Wrangler of P.R.*, 145 DPR 408, 414 (1998). En vista de ello, la desestimación procedería únicamente cuando de los hechos alegados no podía concederse remedio alguno a favor de la parte demandante. *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), citando a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. Tampoco procede la desestimación si la demanda es susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 429. En otras palabras, se debe considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Díaz Vázquez y otros v. Colón Peña*, supra; *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991). Ahora bien, si tras este análisis el tribunal aún entiende que no se cumple con el estándar de plausibilidad, entonces debe desestimar la demanda, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena y otros v. Magic Sport Culinary Corp*, *supra*.

**B**

La Asamblea Legislativa aprobó la Ley Núm. 107-2020, según enmendada, conocida como Código Municipal de Puerto Rico (Código Municipal), 21 LPRA sec. 7001 *et seq*. El referido estatuto, compila de manera sistemática, ordenada y actualizada, todas las leyes existentes y vinculadas a la organización, gobierno, administración y funcionamiento de los municipios. Código Municipal, *supra*, 21 LPRA sec. 7002. En lo que respecta al caso ante nos, el Artículo 1.006 del Código Municipal resalta que los municipios son entidades jurídicas del gobierno local, subordinados

a la Constitución de Puerto Rico y a sus leyes, cuya finalidad es el bien común local y, dentro de este y en forma primordial, la atención de asuntos problemas y necesidades colectivas de sus habitantes. Código Municipal, *supra*, sec. 7011. Además, dispone que cada municipio tiene capacidad legal independiente y separada del Gobierno estatal de Puerto Rico, con sucesión perpetua y capacidad legislativa, administrativa y fiscal en todo asunto de naturaleza municipal. *Id.*

En lo relativo la implantación de un Código de Orden Público en las jurisdicciones municipales, el Código Municipal dispone en su Artículo 3.040 (a), *supra*, sec. 7491, que los municipios tendrán facultad discrecional para adoptar e implementar, Códigos de Orden Público en sus respectivas jurisdicciones con el asesoramiento del Negociado de la Policía de Puerto Rico. Dispone, además, que los Códigos de Orden Público serán el conjunto de ordenanzas municipales adoptadas con el propósito de contribuir a una mejor calidad de vida y convivencia pública, mantener el decoro, la limpieza, el orden y fomentar la salud, seguridad y tranquilidad de los residentes, comerciantes y visitantes, tales como aquellas que limitan la venta o consumo de bebidas alcohólicas, los ruidos excesivos o innecesarios, los estorbos públicos, escombros y chatarra en áreas públicas y los conflictos por el uso de áreas designadas para el tránsito vehicular como áreas de estacionamiento de vehículos, entre otros. *Id.*

Por otra parte, en lo relativo al alcance de los códigos de orden público, el Artículo 3.040 (b) establece que "los Códigos de Orden Público atenderán aquellos problemas que aquejen a los sectores particulares de cada municipio y que han sido identificados como causantes de deterioro en la calidad de vida. Los códigos podrán establecer, a manera de ejemplo, disposiciones relacionadas con el control de expendio y consumo de bebidas alcohólicas; conflictos de tránsito y estacionamiento; ruidos excesivos e innecesarios; estorbos públicos; limpieza y disposición de desperdicios; animales realengos, incluyendo aquellos que por ley su

posesión está prohibida; y escombros y chatarra en lugares públicos debidamente identificados, entre otros".

**C**

La Sección 7 del Artículo II de la Constitución de Puerto Rico, LPRA, Tomo I, al igual que las enmiendas V y XIV de la Constitución de los Estados Unidos, garantiza que ninguna persona sea privada de su libertad o propiedad sin el debido proceso de ley. Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1. El debido proceso de ley se manifiesta en dos vertientes, jurisprudencialmente definidas: la sustantiva y la procesal. De conformidad con el debido proceso de ley sustantivo, debe examinarse la validez de una ley o reglamento con el propósito de proteger los derechos fundamentales de los individuos. *Rivera Rodríguez & Co. V. Lee Stowell, et al,* 133 DPR 881, 887 (1993); *López v. Policía de P.R.,* 118 DPR 219 (1987). Bajo el debido proceso sustantivo, el Estado, al aprobar leyes o al realizar alguna actuación, no puede afectar de manera irrazonable, arbitraria o caprichosa los intereses de propiedad o libertad. ELA et al. v. Molina Figueroa, 186 DPR 461, 470-472 (2012).

No obstante, nuestro Tribunal Supremo ha establecido que "no hay duda de que el derecho a la propiedad privada constituye uno de los pilares sobre los cuales descansa nuestro ordenamiento jurídico y nuestro sistema democrático de gobierno. Ello no significa, sin embargo, que dicho derecho sea uno de naturaleza absoluta o, como se consideraba en antaño, uno 'sagrado'". *Velez v. Srio de Justicia*, 115 DPR 533 (1984). Como corolario de lo anterior, al propietario se le requiere el cumplimiento de ciertos deberes para la sociedad; es decir, ello implica que al propietario le sean negadas determinadas formas de uso, o se le impongan deberes de tolerancia, o se le exijan acciones positivas. *Velez v. Srio de Justicia*, *supra*, que cita a *Rivera v. R. Cobián Chinea & Co.*, 69 DPR 672 (1949). Asimismo, el Estado, en el ejercicio de su poder de reglamentación en el interés público, puede adoptar medidas para proteger la salud, la moral y el bienestar general de la comunidad, sin que las restricciones que surjan de

tales medidas sean contrarias al concepto de debido procedimiento de ley. *ELA v. Márquez*, 93 DPR 393, 402 (1966). A pesar de que, como sabemos, ese poder del Estado no es ilimitado y el ejercicio de este nunca puede ser arbitrario o irrazonable, el hecho de que en determinada ocasión el ejercicio legítimo de dicho poder haga imposible la utilización más económica de una propiedad en particular no lo hace inconstitucional, *Texaco, Inc. v. Srio. de Obras Públicas*, 85 DPR 712 (1962).

**D**

La Constitución del Estado Libre Asociado de Puerto Rico, al igual que la Constitución de los Estados Unidos, consagra el derecho a la igual protección de las leyes. En particular, el Art. II, Sección 7, de nuestra Constitución establece, en lo concerniente, que no "se negará a persona alguna en Puerto Rico la igual protección de las leyes". Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1. Al amparo de este derecho de estirpe constitucional, el Estado no puede aprobar o poner en vigor ley o norma alguna que establezca un trato desigual para algunas personas, salvo que tenga una razón justificada para ello. *Frontera Suau v. Padilla Rivera*, 2025 TSPR 54 (2025), que cita a *Rodríguez Pagán v. Depto. Servicios Sociales*, 132 DPR 617, 634 (1993); *Berberena v. Echegoyen*, 128 DPR 864, 878 (1991). No obstante, la protección de la igual protección de las leyes no exige un trato igual para todos, sino que prohíbe el trato desigual injustificado. Id citando a *López v. ELA*, 165 DPR 280, 297 (2005); *PAC v. E.L.A.*, 150 DPR 359, 378 (2000); *Defendini Collazo et al. v. ELA, Cotto*, 134 DPR 28, 60 (1993). En ese sentido, "el Estado puede hacer clasificaciones entre las personas sin infringir dicho principio siempre y cuando la clasificación sea razonable y con miras a la consecución o protección de un interés público legítimo." *Zachry International v. Tribunal Superior*, 104 DPR 267, 277 (1975).

Bajo la igual protección de las leyes, cuando un tribunal en Puerto Rico se enfrenta a un análisis constitucional sobre la razonabilidad de una clasificación legislativa, dicho foro deberá usar uno de los dos criterios o

escrutinios establecidos jurisprudencialmente para ese fin, a saber: el escrutinio estricto o el escrutinio tradicional mínimo o de nexo racional. *López v ELA*, 165 DPR 280 (2005). La doctrina prevaleciente en Puerto Rico sobre la igual protección de las leyes le reconoce al Estado una amplia latitud en lo referente al establecimiento de clasificaciones relativas a cuestiones sociales y económicas. *Id.* En relación con estas cuestiones, el escrutinio que han de utilizar los tribunales al examinar las leyes que establecen clasificaciones en estos campos es el de nexo racional o tradicional mínimo. *Vélez v. Srio. de Justicia*, *supra.* Al amparo de dicho escrutinio, las clasificaciones establecidas por el legislador no se declararán inválidas a menos que sean claramente arbitrarias y no exista un interés legítimo del Estado en la clasificación cuestionada, o que no pueda establecerse un nexo racional entre la clasificación impugnada y el interés estatal. *López v. ELA*, *supra.*

### III

Al proceder a discutir los cuatro señalamientos de errores expuestos en el recurso ante nuestra consideración, comenzamos con el primer señalamiento; la parte apelante sostiene que el TPI erró al desestimar la *Demanda* de entredicho provisional, injunction preliminar y permanente, y sentencia declaratoria, sin expresar fundamento alguno en derecho. Argumenta que el foro de instancia que erró al no concluir que la restricción al horario de expendio de bebidas alcohólicas de los comercios ubicados en la zona turística de Isla Verde no tiene base racional con los objetivos que pretende promover el MAC mediante el Código. Por otro lado, la parte apelante expone que erró el TPI al no concluir que la enmienda al Código del MAC, la cual restringe el horario de expendio de bebidas alcohólicas a los comercios ubicados en la zona turística de Isla Verde, es abiertamente discriminatoria a favor de los intereses de los hoteles, farmacias y gasolineras en violación a la igual protección de las leyes. Asimismo, arguye que erró el TPI al no concluir que la restricción al horario de expedición de bebidas alcohólicas viola el debido proceso de ley del

Restaurante Chidos, quien posee un permiso con licencia para bebidas alcohólicas sin restricción alguna. Hemos examinado cuidadosamente el trámite procesal, el expediente ante nos, los escritos de las partes, así como la normativa aplicable, y concluimos que el TPI no erró en su determinación.

En lo relativo al tercer señalamiento de error, hemos evaluado cuidadosamente el expediente ante nuestra consideración y entendemos que la restricción impuesta mediante Ordenanza al horario de expendio de bebidas alcohólicas de los comercios ubicados en la zona turística de Isla Verde, tiene base racional con los objetivos que pretende promover el MAC. Sabido es que el Código Municipal dispone en su Artículo 3.040 (a), *supra*, sec. 7491, que los municipios tendrán facultad discrecional para adoptar e implementar Códigos de Orden Público en sus respectivas jurisdicciones. En lo pertinente a la controversia ante nos, el antes citado artículo establece que los Códigos de Orden Público serán el conjunto de ordenanzas municipales adoptadas con el propósito de contribuir a una mejor calidad de vida y convivencia pública; mantener el decoro, la limpieza, el orden; y fomentar la salud, seguridad y tranquilidad de los residentes, comerciantes y visitantes. *Id.* Dispone, además, que tales ordenanzas pudieran ser aquellas que limitan la venta o consumo de bebidas alcohólicas; los ruidos excesivos o innecesarios; los estorbos públicos, entre otros. *Id.* En lo relativo al alcance de los códigos de orden público, el Artículo 3.040 (b) establece que los Códigos de Orden Público atenderán aquellos problemas que aquejen a los sectores particulares de cada municipio y que han sido identificados como causantes de deterioro en la calidad de vida tales como el control de expendio y consumo de bebidas alcohólicas; ruidos excesivos e innecesarios; estorbos públicos; entre otros.

Como corolario de lo anterior, la Legislatura Municipal del Gobierno Municipal Autónomo de Carolina aprobó un Código de Orden Público

mediante la Ordenanza Núm. 16, Serie 2014-2015-19, en el cual se expone como su propósito, lo siguiente:

> "[e]stablecer normas de conducta relacionadas al orden público y seguridad, para lograr una sana relación entre los ciudadanos, que permite la convivencia entre ellos, en armonía, solidaridad y sensibilidad para lograr un esfuerzo y colaboración entre todos, tener las calles y lugares públicos seguros en nuestra ciudad y con ello disfrutar de una mejor calidad de vida". Artículo 1.03, Código de Orden Público.

El referido Código de Orden Público establece en su Artículo 2.04 el horario de establecimientos comerciales que vendan o expendan bebidas alcohólicas. No obstante, dicho artículo fue enmendado mediante la Ordenanza 01, Serie 2025-2026-01, a los fines de eliminar la excepción de comercios ubicados en zona turística en cuanto a los horarios de operación y venta o expendio de bebidas alcohólicas, y aumentar la multa administrativa por infracción a dicho Artículo. En consecuencia, dicha Ordenanza dispone que todo establecimiento comercial cuya actividad principal sea para vender, servir o despachar bebidas alcohólicas al detal, podrá operar de domingo a jueves desde las seis de la mañana (6:00am) hasta las doce de la medianoche (12:00am). Los viernes y sábado podrán operar desde las seis de la mañana (6:00am) hasta la una de la madrugada (1:00am), incluyendo la venta y consumo de bebidas alcohólicas. Entendemos que dicha enmienda versa sobre un asunto que el Código Municipal expresamente permite a los municipios atender, a saber, limitar la venta o consumo de bebidas alcohólicas; los ruidos excesivos o innecesarios; los estorbos públicos, entre otros. Además, la enmienda fue implementada con el propósito de contribuir a una mejor calidad de vida y convivencia pública; mantener el decoro, la limpieza, el orden; y fomentar la salud, seguridad y tranquilidad de los residentes, comerciantes y visitantes. Ante ello, resolvemos que el TPI no incidió en cuanto al tercer error señalado por la parte apelante.

Ahora bien, en lo pertinente al segundo error señalado por la parte apelante, esta cuestiona la constitucionalidad del Código de Orden Público

bajo la cláusula de igual protección de las leyes. Expresó que el MAC impuso irrazonablemente restricciones en los pequeños negocios mientras se otorga un trato preferencial a los establecimientos comerciales de empresas multinacionales o grandes empresas sin una base razonable. En específico, indicó que el Código de Orden Público crea una clara distinción, sin razón alguna, entre los comercios que operan en la zona turística de Isla Verde, al establecer medidas de horario de venta de bebidas alcohólicas distintas aplicables para los hoteles, farmacias y gasolineras, mientras que implanta otras para los restantes pequeños y medianos comerciantes.

Según la normativa esbozada, la Constitución del Estado Libre Asociado de Puerto Rico, consagra el derecho a la igual protección de las leyes. Al amparo de este derecho, el Estado no puede aprobar o poner en vigor ley o norma alguna que establezca un trato desigual para algunas personas, salvo que tenga una razón justificada para ello. Ante ello, la doctrina prevaleciente en Puerto Rico sobre la igual protección de las leyes le reconoce al Estado una amplia latitud en lo referente al establecimiento de clasificaciones relativas a cuestiones sociales y económicas. En relación con estas cuestiones, el escrutinio que han de utilizar los tribunales al examinar las leyes que establecen clasificaciones en estos campos es el de nexo racional o tradicional mínimo. Al amparo de dicho escrutinio, las clasificaciones establecidas por el legislador no se declararán inválidas a menos que sean claramente arbitrarias y no exista un interés legítimo del Estado en la clasificación cuestionada, o que no pueda establecerse un nexo racional entre la clasificación impugnada y el interés estatal.

En el caso ante nos, la Ordenanza 01, Serie 2025-2026-01, mediante la cual se enmendó el Artículo 2.04 del Código de Orden Público, constituye un resumen de la situación imperante y el mal social que el MAC quiso corregir o regular. Se expresó en dicha Ordenanza que, durante los

pasados años, zonas turísticas como el sector de Isla Verde, han experimentado un alarmante aumento en incidentes de violencia, alteraciones a la paz y actividades delictivas en horas nocturnas y en la madrugada. Ante la responsabilidad del Estado de velar por el bienestar de todos los ciudadanos, se uniformó los horarios de operación y venta o expendio de bebidas alcohólicas en los establecimientos comerciales, eliminando excepciones basadas en ubicación geográfica. Dicha medida tiene como objetivo fortalecer la seguridad pública, reducir las oportunidades para la comisión de delitos, y garantizar un ambiente más ordenado y seguro. A pesar de que la Ordenanza excluyó de su aplicación a los hoteles y a sus huéspedes, se reconoce la naturaleza distinta de estos establecimientos y su operación bajo un marco regulatorio especial. Resolvemos que el Código de Orden Público, enmendado mediante la Ordenanza 01, Serie 2025-2026-01, es razonable y corresponde a un interés legítimo por parte del MAC que cumple con los requisitos de la cláusula de la igual protección de las leyes. En virtud de ello, resolvemos que el TPI no incurrió en el segundo error señalado por la parte apelante.

Por otra parte, en lo pertinente al cuarto señalamiento de error, la parte apelante arguye que ha sido despojado de su derecho propietario y debido proceso de ley ya que el Código de Orden Público restringe la operación del Restaurante Chidos, el cual opera con un permiso, válidamente otorgado por el MAC, sin limitación alguna en cuanto a su horario de operación y expendio de bebidas alcohólicas. Conforme a la normativa antes expuesta, el Estado, al aprobar leyes o al realizar alguna actuación, no puede afectar de manera irrazonable, arbitraria o caprichosa los intereses de propiedad o libertad. A pesar de que el derecho a la propiedad privada constituye uno de los pilares sobre los cuales descansa nuestro ordenamiento jurídico, ello no significa que dicho derecho sea uno de naturaleza absoluta. En consecuencia, el Estado, en el ejercicio de su poder de reglamentación en el interés público, puede adoptar medidas para proteger la salud, la moral y el bienestar general de la comunidad, sin que

las restricciones que surjan de tales medidas sean contrarias al concepto de debido procedimiento de ley. Además, el hecho de que el ejercicio legítimo de dicho poder haga imposible la utilización más económica de una propiedad en particular no lo hace inconstitucional.

En vista de lo anterior, no somos del criterio que el Código de Orden Público menoscabe el derecho propietario y, por ende, el debido proceso de ley de la parte apelante. Ello toda vez que el derecho a la propiedad es un derecho naturalmente sujeto al poder de reglamentación y de razón del Estado en protección del bien común. En consecuencia, el Código de Orden Público limita la facultad de utilizar su propiedad en determinada manera debido a un interés legítimo por parte del MAC de mantener el orden público y la seguridad. Cabe destacar que la Ordenanza aprobada no ordena la erradicación total de los negocios que existían con anterioridad a su aprobación; meramente limita las horas durante las cuales dichos negocios pueden operar, ordenando que permanezcan cerrados durante horas de la madrugada. Ello es razonable y es una instancia en la cual el interés propietario tiene que ceder ante el bien común. Resolvemos que el foro apelado no incurrió en el segundo error señalado por la parte apelante

Por todo lo anterior, resolvemos que el TPI procedió de forma correcta al declarar Ha Lugar la *Moción de Desestimación* presentada por el MAC y en su consecuencia, decretar la desestimación de la *Demanda* presentada por la parte apelante. Además, el TPI no erró al ampararse en la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2, toda vez que dicha regla establece que no es necesario desglosar las determinaciones de hechos cuando se declara totalmente Ha Lugar una moción presentada al amparo de la Regla 10.2 Procedimiento Civil.

No habiéndose cometido los errores señalados por el apelante, procedemos a confirmar el dictamen apelado.

**IV**

Por los fundamentos antes expuestos, se confirma la *Sentencia Sumaria Parcial* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones